## Benjamin B. Leavitt vs. Robert Mowe.

*Demurrer—Plea in Abatement on the ground of Another suit brought on the same Cause of action—Effect of Dismissal of the Prior suit before Plea pleaded in the other.*

A plea in abatement averred the pendency of another suit by the plaintiff against the defendant on the same cause of action, " at the commencement of this suit." The plaintiff replied that said suit was not pending " at the time of filing of said plea in this suit, in manner and form as the defendant in his plea had alleged, but that the same had been discontinued," &c. On demurrer to this replication, it was HELD:

1st. That if the defendant's plea had been perfect, the replication would have been a good reply to it.

2nd. That as the demurrer mounts up to the first error in pleading, and the defendant's plea was bad in omitting to allege the pendency of the prior suit at the time of plea pleaded, the demurrer should have been overruled.

3rd. That the first suit must be pending at the time of plea pleaded, to effect an abatement of the second suit, and if the first suit be dismissed before plea pleaded, it will prevent the abatement of the second suit.

APPEAL from the Circuit Court for Baltimore County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, MILLER, ALVEY, and IRVING, J., for the appellee, and submitted on brief for the appellant.

*J. Gorham Moale* and *Sebastian Brown,* for the appellant.

The demurrer raises the question as to the sufficiency of the defendant's plea, and of the plaintiff's replication.

The law seems to be fully settled that a plea of *lis pendens* to be effective, must not only aver that the former suit was pending when the second suit was instituted, but that it was pending also when the plea was filed. *Wales vs. Jones,* 1 *Michigan,* 254; *Pew vs. Toare,* 8 *Cooley,* 21; *Adams vs. Gardiner,* 13 *B. Monroe,* 197; *Toland vs. Tichenor,* 3 *Rawle,* 324; *Marston vs. Lawrence,* 1 *Johnson,* (*N. Y.,*) 398.

Where it appears to the Court that the plaintiff in the first suit cannot recover, the pendency of the first suit even at the time of filing the plea, is no bar. *State ex rel. Craig vs. Dougherty,* 45 *Mo.,* 294, 298; *Rogers vs. Hoskins,* 15 *Georgia,* 270, 274, 275; *Downer vs. Garland,* 21 *Vermont,* 362, 365–6; *Hatch vs. Spofford,* 22 *Conn.,* 494–5; *Gould's Pleading, p.* 285, *sec.* 126.

Chitty simply says that the plea will be good even if the first suit is discontinued after plea. 1 *Chitty,* (16th *Am. Ed.,*) 470. But the modern authorities cited by the editor scarcely support that view. *Ib., note T.*

*Nicholas P. Bond* and *George H. Chandler,* for the appellee.

There can be no question that a prior suit for the same cause of action, pending in a Court of this State, is a good· plea in abatement. *Bank of U. S. vs. Merchants' Bank,* 7 *Gill,* 426; *Brown vs. Somerville,* 8 *Md.,* 457; *Seevers vs. Clement,* 28 *Md.,* 434; *Renner vs. Marshall,* 1 *Wheat.,* 215; *Evans' Prac.,* (2nd *Ed.,*) 249; 1 *Chitty's Pl.,* 442; *Gould's Pl., V.,* 122.

It does not matter that subsequent to the commencement of the second suit, the first had been dismissed, whether before or after plea filed. For *actio non* goes to the time of suit brought, and not to the time of plea filed. This was expressly held in the case of *Agnew vs. The Bank of Gettysburg,* 2 *H. & G.,* 492, and although in that case the plea in question was in bar, the principle is

the same in pleas in abatement; since pleas in bar differ from pleas in abatement in this only, that the former deny the right of the plaintiff to have any action, while the latter deny his right to bring the particular action only; both, nevertheless, referring to the time such action was brought.

Therefore, if, in the present case, the suit brought in Baltimore County was abatable at the time it was brought, because of the suit then pending in Baltimore City, the plaintiff could not, by his subsequent dismissal of the first suit, make the second good, and his replication alleging such dismissal is immaterial and bad. *Agnew vs. The Bank, &c.*, 2 *H. & G.*, 492; *Commonwealth vs. Churchhill*, 5 *Mass.*, 179; *Evans' Prac.*, 249; *Chitty's Pl.*, 454; *Gould's Pl.*, (4th Ed.,) *V.*, 125; *Bac. Abr. (Abatement M.;)* 39 *H. VI*, 12 *Pl.*, 16; *Sparry's Case*, 5 *Co.*, 61; *Frogg vs. Long*, 3 *Dana*, 157; *Parker vs. Collard*, 2 *N. Hamp.*, 36.

Prior suit pending is a good plea in abatement, although the Court in which such prior suit was brought had no jurisdiction. For in order to overrule a plea in abatement on this ground, the second Court would have to decide as to the jurisdiction of another Court of equal dignity, and this it could not do, for every Court has the right to determine its own jurisdiction. The reason of this rule is evident if we consider the mischief that would arise if both Courts took jurisdiction, as might very well happen, since the decision of one as to the jurisdiction of the other would in no way be binding upon such other. *Thompson vs. Tolmie*, 2 *Pet.*, 163; *Vorhees vs. Bank of U. S.*, 10 *Pet.*, 472.

IRVING, J., delivered the opinion of the Court.

On the 11th day of September, 1878, the appellant brought this action of *assumpsit* against the appellee in the Circuit Court for Baltimore County. The declaration contained the ordinary money counts, together with counts on three several promissory notes.

On the 27th of September, the defendant pleaded in abatement, that, before the commencement of this action, " to wit, on the sixth of July, 1878, in the Superior Court of Baltimore City, the plaintiff had impleaded the defendant on the same promises and undertakings, and that said suit was pending, and undetermined in the Superior Court of Baltimore City, *at the commencement of this suit.*"

The appellant (plaintiff below) replied that " the said former suit in the plea mentioned was not pending at the time of filing of said plea in this suit, in manner and form as the defendant (appellee here) in his plea had alleged, but that the same has been discontinued by an order filed in the said Superior Court of Baltimore City, on the 17th of September, 1878." To this replication a demurrer was entered, and the same having been sustained, and judgment having been entered for the defendant, appeal was taken.

Before proceeding to consider the question raised by the demurrer it is proper to note, that the record discloses, that, on the 15th of July, 1878, the appellee filed, in the Superior Court of Baltimore, a motion, verified by affidavit, to dismiss the suit brought against him in the Superior Court on the 6th of July, 1878, because the defendant was not a resident of Baltimore City, but resided in Baltimore County.

We think there was error in the ruling of the Circuit Court, in sustaining the demurrer to the plaintiff's replication ; for if the appellee's plea had been perfect, the replication would have been a good reply to it. The demurrer mounts up to the first error in pleading, and the plea being bad, in omitting to allege the pendency of the prior suit at the time of plea pleaded, the demurrer should have been overruled. If in order to make a plea of prior suit brought for the same cause of action available as a good plea in abatement, it was necessary that the prior suit be pending and undetermined at the

time of plea pleaded, it was also necessary that it should be so averred in the plea. There is some conflict of authority on this subject, but the great weight of authority establishes the doctrine that the first suit must be pending at the time of plea filed, to effect an abatement of the second suit, and that if the first suit be dismissed before plea pleaded, it will prevent the abatement of the second suit. Mr. Evans in his valuable work on *Practice in this State, page* 250, expresses the belief that the case of *Parker vs. Collard*, (2 *N. H.*, 36,) would be followed as the law of Maryland. We do not think that decision is in accord with the hitherto prevailing practice in Maryland. It is at variance with the rule laid down by Mr. Chitty in his work *on Pleading*, and which is followed in most of the other States. In the absence of express decision on this question, in this State, the best evidence of what the law is, can be found in the precedents. Resorting to them, we find in *Harris' Entries* the practice in Maryland to be to aver in the plea the continuing pendency of the suit. The precedents of Mr. Chitty furnish the same evidence of what the law is in England, as well as in this country in most of the States. On page 470 of *Chitty on Pleading*, (16*th Am. Edition*,) this learned author uses this language " the plaintiff cannot *after plea* in abatement of the pendency of a prior suit, avoid the effect of the plea by discontinuing the action which was pending at the time of the plea." This statement is a plain recognition of the right to discontinue before plea pleaded and thus avoid the abatement. Some respectable authorities question even this restriction of Mr. Chitty, and allow dismissal after plea pleaded to be rejoined with effect ; but the exigencies of this case do not require us to pass on that question, for the replication we are considering alleges dismissal before plea pleaded. The rule we recognize is maintained in *Marston vs. Lawrence & Dayton*, 1 *Johnson's Cases*, 397 ; *Toland vs. Tichenor*, 3 *Rawle*, 324, and

*Wales vs. Jones,* 1 *Michigan,* 254. In the last cited case the Court most forcibly assigns as a reason for the rule allowing abatement, that the second suit is "vexatious," and says, "where the record shows apparent good faith and that the first suit was discontinued before the defendant is called on to plead, so that he is not unnecessarily harassed by the defence of two suits, at once, for the same cause, the second suit cannot be deemed *vexatious,* and cannot therefore be abated by the pendency of a prior suit *when it was commenced.* On the contrary, to hold the second suit abatable for that cause, would be to make the law favor, rather than abhor, a multiplicity of suits, inasmuch as it would render another suit necessary." In this case the second suit was necessary by reason of the non-residence of the defendant suggested by motion of the defendant and sworn to by him. In numerous cases it has been decided, that, where the second suit is necessary to secure the demand by reason of a defect in the first suit, the first suit may be discontinued after plea in abatement filed, so as to avoid the effect of that plea. *Durand vs. Carrington,* 1 *Root,* 168; *Rogers vs. Harkins,* 15 *Georgia,* 270; *Langham vs. Thompson,* 5 *Texas,* 127. But as we have already said, it is not necessary to consider the effect of the defendant's non-residence in the jurisdiction where the suit was first instituted, upon the plea in abatement of the second suit; for in fact the record shows discontinuance of the first suit before the plea in abatement was filed in the second suit, and we express no opinion on that point raised by the appellant.

For the reasons assigned we must reverse the judgment of the Circuit Court.

*Judgment reversed, and*
*new trial awarded.*

(Decided 21st October, 1880.)