## Wytheville.

### RICHMOND AND DANVILLE R. R. Co. v. WILLIAMS.

#### JUNE 13th, 1889.

1. RAILROADS—*Duties—Liabilities.*—The duty of railroad companies is to use all reasonable care to provide and maintain safe, sound, and suitable roadway, structures, instrumentalities, and machinery, and not to expose its employees to risks beyond those incident to the employment, and for injuries to employees resulting from a breach of this duty, or from other negligence, those companies are liable in damages.

2. IDEM—*Case at bar.*—While train was standing, conductor required plaintiff, a brakeman, to get up on a freight car and let off a brake. Unknown to him the ladder's upper round was broken, and as he was attempting to get on the top, conductor signalled engineer to back up, and a deadblock being taken out, the cars came together and crushed plaintiff: *held,* the defendant company was liable, because the injury was caused by the negligence of conductor in starting the train, knowing plaintiff's position.

Heard at Richmond. Decided at Wytheville.

Error to judgment of corporation court of city of Danville, rendered July 12th, 1888, in an action of trespass on the case, wherein Thos. D. Williams was plaintiff and the Richmond and Danville railroad company was defendant. The action was for damages for personal injuries sustained by said plaintiff whilst in the defendant's employment as brakeman. The jury found for the plaintiff, and assessed his damages at $2,000, subject to the opinion of the court on the defendant's demurrer to the plaintiff's evidence. Judgment being for the plaintiff, the railroad company brought the case here upon writ of error and *supersedeas.* Opinion states the case.

*W. R. Staples* and *L. C. Berkeley*, for plaintiff in error.

*Christian & Christian* and *Randolph & Randolph*, for defendant in error.

LACY, J., delivered the opinion of the court.

The action was by the defendant in error for damages for personal injuries sustained while in the employment of the plaintiff in error as a brakeman.

The case is as follows: On the 16th day of February, 1888, at 2:45 A. M., the defendant in error was engaged in the crew of the yard engine, shifting cars in the said city on the side tracks of the said plaintiff in error. It was the duty of the said defendant in error, to couple and to uncouple cars. Having made a required coupling, he was directed by the conductor, who was his superior, and not his fellow servant, to get upon the top of the cars and turn off the brakes, he saying: "hop up and let her go." He climbed upon the nearest ladder, and when he neared the top of the car, he reached for the hand hold to the ladder and it was gone—had been broken off, and he twisted his body to one side to reach the foot board over the centre of the top of the car to pull up. At this instant, the defendant in error, carrying a lantern on his arm, the conductor signalled the engineer to come back, and by reason of his body being side ways, and the combing or roof of the cars coming very close together, and one dead-block being broken off, the body of the defendant in error was caught and mashed, injuring him seriously.

There was a demurrer to the evidence by the plaintiff in error, and a verdict by the jury, subject to the judgment of the court upon the demurrer for $2,000 00, and judgment was rendered for the plaintiff by the court, whereupon, the case was brought here by writ of error.

The case will be heard and considered here upon principles well understood, when the case comes up upon a demurrer to

the evidence. See *R. & D. R. Co.* v. *Moore*, 78 Va., 93; *Ware* v. *Stephenson*, 10 Leigh, 155, 161; *Trout* v. *Va. & Tenn. R. R. Co.*, 23 Gratt., 619; *Green* v. *Judith*, 5 Rand., 1; *Hansbrough's Ex'ors* v. *Thom.*, 3 Leigh, 147; *Stephens* v. *White*, 2 Wash., 203, 210; *Union Steamship Co.* v. *Nottingham*, 17 Gratt., 115.

The testimony of the plaintiff below taken as true here, is, that the broken hand hold was unknown to the plaintiff, the defective car having come in that night, that the conductor knew that these cars came so close together as to make it dangerous to go between them when in motion, and that he had so instructed the defendant in error; that the said conductor directed him to ascend them while *standing;* that before he got upon them, as he was in the act of ascending, and in a position which the conductor could see, or ought to have seen, as he carried a lantern, the conductor caused them to come back and take up the slack and so injure him. This negligence of the conductor is the negligence of the company. And while it is true that the injury would nevertheless not have happened but for the defective ladder, this defective ladder was also the negligence of the company.

It is true that when a servant enters upon an employment, he accepts the service subject to the risks incident to it. *Clark* v. *R. & D. R. R. Co.*, 78 Va., 70–9; *Darracott* v. *C. & O. R. R. Co.*, 83 Va., 288; *Moore* v. *R. & D. R. R. Co.*, *supra.*

It is, however, the duty of the company to *exercise all reasonable care to provide* and maintain safe, sound, and suitable machinery, roadway, structures, and instrumentalities; and it must not expose its employees to risks beyond those which are incidental to the employment, and even in contemplation at the time of the contract of service; and the employee has a right to presume these duties have been performed. Here was a broken ladder. See *Moore* v. *R. & D. R. R. Co.*, *supra.* Here was a railroad train, set in motion by the conductor, under such circumstances as to imperil the life of an employee and to

injure his person. See *Ayers* v. *R. & D. R. R. Co.*, 84 Va., 679; *Railroad* v. *Ross*, 112 U. S. R., 377; 5 Sup. Ct. Rep., 184; 17 Amer. and Eng. R. R. Cases, 501; *N. & W. R. R. Co.* v. *Cottrell*, 83 Va. Rep., 519.

The dangerous character of these cars was known to the conductor; the position of the brakeman, the defendant in error, was known to the said conductor. If he had waited until his order had been obeyed, and the brakeman was upon the car before he drove them together, the injury would not have happened; and the delay in getting up was caused by the broken ladder, which was the negligence of the company.

As the injury was caused solely by the negligent conduct of the company's agent, the case was clearly with the plaintiff on the demurrer to the evidence, for the company is clearly bound by the acts of the conductor in this case, who could not be held to be the fellow servant of the defendant in error. (*Railroad* v. *Ross, supra*).

And the corporation court of Danville city, having rightly so decided, the judgment of that court must be affirmed.

JUDGMENT AFFIRMED.