# �civedmond.

## N. & W. R. R. Co. v. NUNNALLY'S ADM'R.

### January 7th, 1892.

1. EMPLOYERS AND EMPLOYEE—*Appliances—Presumption.*—Employee is entitled to presume·that his employer has performed his duties as required by law, and used due care in seeing that there are no defects in the machinery.

2. NEGLIGENT INJURIES—*Case at bar.*—Where no inspection was made of a coupling-pin that had probably been partially broken by a collision between defendant's engine and tender with a train of cars, and a few days afterwards plaintiff's intestate, a fireman, was killed by reason of the breaking of this coupling-pin;

HELD:

> Verdict that defendant was guilty of negligence was warranted by the evidence.

3. PRACTICE AT LAW—*Plea—Another suit pending.*—Plea of pendency of another suit;

HELD:

> Properly overruled where, to avoid the bar of statute of limitations, plaintiff institutes a second action before dismissing his first.

Error to judgment of circuit court of Prince Edward county, rendered March 8th, 1890, in an action of trespass on the case for negligent killing, wherein W. J. Chappell, administrator of R. J. Nunnally, deceased, was plaintiff, and the Norfolk and Western Railroad Company, the plaintiff in error, was defendant. Opinion states the case.

*T. J. Kirkpatrick* and *W. H. Mann*, for plaintiff in error.

*J. P. Fitzgerald*, for defendant in error.

HINTON, J., delivered the opinion of the court.

This was an action of trespass on the case, tried in the circuit court of Prince Edward county, in which there was a verdict and judgment for the plaintiff. And, unless there shall appear to be some error in the technical exceptions hereafter to be noticed, that judgment must be sustained.

In the record there is a certificate of evidence, but no certificate of the "facts proved," and, consequently, under the provision of section 3484 of the Code, the case must be heard here as upon a demurrer to evidence.

And as, by demurring to the evidence, the demurrant waives or abandons all of his evidence in conflict with that of the other side, and admits all inferences that may be fairly deduced therefrom, and rests his case upon such of his evidence, if any there be, as is not in conflict with the demurrant's evidence, and upon only such inferences from his evidence as necessarily flow therefrom, he is frequently left, as in the case at bar, with nothing to stand upon. *Creekmur* v. *Creekmur*, 75 Va. Rep.

The case presented in the record, stripped of the immaterial details, is this :

On or about the 16th day of April, 1888, an engine and tender belonging to the defendant company, while running backward, collided with a train of cars to which they had been previously attached. The full extent of the injuries caused by this collision is not known, but they were of so severe a character as to render it necessary that both engine and tender should be sent to Petersburg for repairs ; and the force of this collision probably partially caused the breaking of the coupling-pin which held the engine and tender together. No proper inspection seems to have been made of the engine after this collision, and none whatever was made of this coupling-pin, from the breaking of which the accident, which is the occasion of this action, plainly resulted. On the 21st of the same month the same engine, with a different tender, was sent

out with a train of thirty-six gondolas and one caboose-car.
On this engine the plaintiff's intestate was fireman. This
train, when near Prospect depot, was run into by the engine
of a train behind it; but the damage resulting from this occur-
rence was slight. The accident does not seem to have con-
tributed to the breaking of the coupling-pin; and the train
after a short delay started to leave Prospect depot. Just as it
was getting under way the coupling-pin and stay-chains, which
held the engine and tender together, broke, and the fireman,
who was standing, probably, with one foot on the tender and
the other on the engine, and was in the act of throwing coal
into the engine, was thrown down and run over by several
cars. After the accident the coupling-pin was examined by
two unimpeached witnesses, and it was found that this pin
had been some short time before broken "about one-third of
the way through."

Upon this state of facts, for so the jury must have regarded
them, they found, as they had ample room to do, a verdict for
the plaintiff. It was the especial province of the jury to say
what occasioned the accident, and they have in effect said, that
it was due to the failure to suitably inspect the coupling-pin
after it had been subjected to a strain which was likely to have
injured it, and which ought to have suggested to the company
the propriety of an inspection. We do not well see how they
could have acted differently under the facts of this case. The
other objections are more technical. The first of these is, that
the circuit court erred in striking out the plea in abatement.
It seems that there have been two suits instituted by Nunnally's
administrator to recover damages for the killing of his intestate.
The first commenced by process issued on the 14th January,
1889, which was on the docket for trial at the March term, 1889.
When this suit was first called at March term, 1889, the appel-
lant appeared and craved oyer of the writ and return in this
cause, when it was found that there were two writs among the
papers in the case, upon each of which the sheriff had written

out a return. Whereupon the appellant claimed that there were two writs and two returns in the same case, and moved the court to quash them. The plaintiff then moved that the sheriff be allowed to amend his return, which was not in the words of the statute, which being allowed, the return was amended, the appellant's motion to quash was overruled, and an exception noted. But of all this we need take no notice except in so far as it shows that there was a suit pending on the 1st day of April, 1889, when the present suit was instituted.

When the process in this second suit was issued, the appellant appeared at rules and filed a plea in abatement alleging the pendency of the prior suit; and he now claims that that plea abated the present suit, and should not have been stricken out by the court. But we are of opinion that this objection ought not to be allowed to prevail. For, apart from the fact that appellant himself caused the present suit to be brought by claiming that the first suit had no existence until it was too late to dismiss it before the second suit, to save the statute, must have been brought, and he ought not now to be allowed to assume an inconsistent position and say that that suit was pending at the time of the institution of this suit, we think that the general rule has no application to a case like the present.

The plea is based upon the common law maxim "*Nemo debet bis vexari, si constat quod sit pro una et eadem causa,*" and the object of the rule.is to prevent a party from being unnecessarily vexed with two suits when one would suffice to afford him the redress to which he is entitled. Broom's Legal Maxims, p. 347; *Olmins* v. *Delaney*, 2 Str. 1216 ; *Richards* v. *Stuart*, 10 Bing. 322. And the modern practice is to look into each case and to determine as a matter of fact whether the second suit was unnecessary or not. *State* v. *Dougherty*, 45 Mo. 294; 8 A. and E. Encyc. Law, p. 549. In this case, as the plaintiff dismissed his first suit as soon as he safely could, and was compelled to bring the second action to avoid the bar of the statute,

the court exercised a wise judicial discretion in striking out the plea. The next objection is to the action of the court in refusing two instructions, numbered 5 and 6, which are plainly. erroneous. The fifth instruction is erroneous in announcing the proposition, utterly untenable, that in case of an employee, the mere means of knowledge is equivalent to actual knowledge; whereas, in truth and in fact, he has the right to presume that the employer has complied with the law and has used due and reasonable care in seeing that there are no defects in the machinery and instrumentalities that he has to use. *Piedmont Electric Manufacturing Co.* v. *Pattison's Adm'r*, 84 Va. 769; Sher. & Red. on Negl. (4th ed.), p. 204, § 92; 1 Thompson on Negl., p. 1008, § 15; Woods' Railway Law, 1481, 1492; *Northern Pacific R. R. Co.*, 113 U. S. 642.

The sixth instruction not only announces a doctrine faulty in itself, namely, " that the duty of a railroad in reference to the purchasing, examination and inspection of its engines, tenders and their couplings will be discharged when said engines, tenders and couplings have been purchased from manufacturers of undoubted standing and reputation, and been inspected in that way and manner which is used by other railroads of good standing in the country, and which experience has demonstrated to be sufficient," but was inapplicable to any evidence in the case. 3 Woods' R. R. Law, 1465–1469; 100 U. S. 213; 81 Va. 71; *R. R. Co.* v. *McKenzie*, 81 Va. 81; 17 Wall. 553; 86 Va. 165; *R. R. Co.* v. *Williams*, 86 Va. 165; *Wabash R. R. Co.* v. *McDaniels*, 107 U. S. 461.

The other exceptions are not of sufficient importance to require notice. For the foregoing reasons the court is of opinion to affirm the judgment of the circuit court.

JUDGMENT AFFIRMED.