# NATIONAL EXPRESS & TRANSPORTATION CO.

*v.*

# BURDETTE.

PLEADING AND PRACTICE; DUPLICITY; SPECIAL DEMURRERS; ABATE-
MENT: PLEA OF PRIOR SUIT PENDING.

1. A replication to a plea of a former suit pending, which alleges the
   ineffectuality of the former suit and its discontinuance, is not
   double.   The point is the ineffectuality of the former suit and
   the rest is inducement and explanation.
2. Where special demurrers have been abolished, as in this District,
   duplicity in pleading ceases to be a vice which can be attacked
   by demurrer.   Here the defect should be taken advantage of by
   motion to strike out.
3. On an appeal from a judgment sustaining a special demurrer the
   nature and effect of the demurrer will be considered.
4. The pendency of a prior suit between the same parties for the same
   cause of action will abate a second suit; but where the first ac-
   tion is ineffectual, or so defective that no recovery can be had,
   and the second suit is necessary for securing the plaintiff's
   rights, the pendency of the former suit will not abate the second
   action.   And in such a case, the first suit may be discontinued
   before or after plea in abatement filed in the second suit.

No. 495.   Submitted November 22, 1895.   Decided January 21, 1896.

HEARING on an appeal by the plaintiff from a judgment
sustaining a demurrer to a replication to a plea in abate-
ment.   *Reversed.*

The COURT in its opinion stated the case as follows :

This was an action of assumpsit brought by the appellant
against the appellee.   The declaration was filed March 22,
1889.   The defendant below filed a plea in abatement May 7,
1889.   The plaintiff below filed, on February 5, 1895, a
replication, to which the defendant below demurred.   The
court sustained the demurrer, and from the judgment sus-
taining the demurrer the plaintiff below appealed.

The declaration, in substance, shows this was an action instituted by the National Express and Transportation Company, a Virginia corporation, for the use of John Glenn, trustee, against the defendant, Walter W. Burdette, to recover fifty per cent. of his unpaid subscription to this company's capital stock. The first, a special count, is very lengthy, and shows that by force of certain contracts of subscription to the stock of the company and of a certain deed of trust and of two several decrees and the call and assessment thereby made, and by virtue of certain laws of Virginia the defendant as a stockholder in this corporation of ten shares of stock became indebted and was liable to pay to the plaintiff fifty per cent. of the par value of the ten shares, amounting to five hundred dollars, and being so liable promised to pay to the plaintiff such sum when requested, but failed and refused to do so when requested.

The second is an *indebitatus assumpsit* for the same debt.

The plea in abatement alleges that the present suit in the name of the National Express and Transportation Company for the use of John Glenn, trustee, was commenced on March 23, 1889, and that before said suit was commenced, on March 22, 1889, said John Glenn, trustee, filed his declaration against this defendant in the same court on promises for the non-performance of the identical undertakings, alleging that the said promises were made to him, said John Glenn, trustee, instead of to this company for the use of John Glenn, trustee, as in the present suit, as by the record in the former suit appears ; and the defendant further alleges " that the said John Glenn, trustee, as aforesaid, the plaintiff in the former suit, and the said John Glenn, trustee, as aforesaid, for whose use the present suit is brought, are the same person and not other or different persons, and that the defendant in the former suit and the defendant in this suit are one and the same person and not different persons, and that the several causes of action mentioned in the declaration in the present suit are the same causes of action, and that the right or title sought to be

enforced in the former suit by the said John Glenn, trustee, as aforesaid, in his own name as the legal plaintiff, is the same right or title sought to be enforced in the present suit by John Glenn, trustee, as aforesaid, as beneficiary in the name of the National Express and Transportation Company, and that the former suit is still pending."

In answer to this plea in abatement the replication says that " the first suit mentioned in said plea was wholly ineffectual by reason of the fact that the same was brought in the name of the said John Glenn, trustee, and not in the name of the National Express and Transportation Company, for the use of John Glenn, trustee, and that the matters at issue between the said John Glenn, trustee, and the said defendant could not be tried and decided in said first action in the name of said John Glenn, trustee, and that no judgment could have been recovered therein.    That as soon as it was ascertained that the said suit was so wholly ineffectual and that no trial could be had therein of the matters in controversy, the said first suit was discontinued, to wit, on the 3d day of October, 1892, and that the present has been since that date and is now the only suit pending against the said defendant for the cause of action mentioned in this declaration, and that the institution and maintenance of this suit was and is necessary to secure the demand therein sued for against the said defendant by reason of the said defect of the said first suit."

To this replication the defendant below demurred.

*Mr. Charles Marshall, Mr. Henry Wise Garnett* and *Mr. W. V. R. Berry* for the appellant:

1. A plea of former suit brought cannot avail to abate a second suit unless the parties are the same.    1 Ency. Pl. and Pr. 757 ; *Certain Logs of Mahogany,* 2 Sumn. 589 ; *Bennett* v. *Chase,* 21 N. H. 570 ; *Adams* v. *Gardiner,* 13 B. Mon. 197 ; *Cornelius* v. *Vanarsdallen,* 3 Pa. St. 435 ; *Davis* v. *Hunt,* 2 Bailey (S. C.) 412 ; *Ins. Co.* v. *Railroad Co.* 13 Fed. R. 857.

2. The rule that the pendency of a former suit between the same parties for the same thing will abate a suit subsequently brought does not prevail where it appears the first suit must be ineffectual. *Glenn* v. *Marbury*, 145 U. S. 499 ; *Glenn* v. *Busey*, 5 Mack. 233 ; *Geery* v. *Webster*, 11 Hun. 428 ; *Reynolds* v. *Harris*, 9 Cal. 338 ; *Rogers* v. *Hoskins*, 15 Ga. 270 ; *Bank* v. *Tarbox*, 20 Conn. 510 ; *Langham* v. *Thompson*, 5 Tex. 127 ; *Phillips* v. *Quick*, 68 Ill. 324.

3. The second suit was neither vexatious or oppressive. It was brought to save the plaintiff's right of action from the bar of limitations. *Railroad Co.* v. *Neumally*, 83 Va. 546 ; *Chamberlain* v. *Eckert*, 2 Biss. C. C. 124 ; *Downes* v. *Garland*, 21 Vt. 362 ; *Hatch* v. *Spofford*, 22 Conn. 484 ; *Warder* v. *Henry*, 117 Mo. 530 ; *State* v. *Dougherty*, 45 Mo. 294.

4. The objection of former suit pending is removed by its dismissal or discontinuance ever after plea in abatement in the second suit. *Toland* v. *Tichenor*, 3 Rawle, 322 ; *Findley* v. *Keim*, 62 Pa. St. 112 ; *Leavitt* v. *Moore*, 54 Md. 618 ; *Beale* v. *Cameron*, 3 How. Pr. 414 ; *Morton* v. *Webb*, 7 Vt. 124.

5. The replication is not double. Though containing a statement of several matters, they constitute but one entire proposition. 1 Chitty Pl. 605 ; *Robinson* v. *Rayley*, 1 Burr. 320 ; *O'Brien* v. *Saxon*, 2 B. & C. 908 ; *Russell* v. *Rogers*, 15 Wend. 353 ; *Stewardson* v. *White*, 3 Har. & M. 455 ; *Harker* v. *Brink*, 24 N. J. Law, 333 ; *Patcher* v. *Sprague*, 2 Johns. 462 ; *Holland* v. *Kibbe*, 16 Ill. 133.

6. Duplicity can be taken advantage of only by special demurrer. 18 A. & E. Ency. Law, 563. Special demurrers have been abolished in this District. *Thaw* v. *Ritchie*, 3 Mack. 162. Their place is supplied by a motion to strike out, under Sec. 3 of Rule 28 of the Common Law Rules of the Supreme Court of the District.

*Mr. W. D. Davidge, Mr. Reginald Fendall* and *Mr. W. D. Davidge, Jr.,* for the appellee :

1. The replication is double, in that it contains two distinct and independent replications to a single plea.   1. Chitty Pl., *p. 649; *Cheasley* v. *Barnes*, 10 East. 73; Stephen Pl. (3d Am. ed.) 265; 1 Poe Pl. and Pr., sec. 736.

2. The replication is double, because it contains more than one ground of answer to the plea.   " Ineffectuality " of the first suit is one ground of answer to the plea; discontinuance of the first suit the other.   Stephen Pl. (3d Am. ed.) 242.   Mr. Evans says that the rule requiring that each pleading shall contain but one ground of answer to that which it professes to answer is a formal rule, and can only be enforced by special demurrer.   Evans' Practice, 131.

Even in Maryland, where the plaintiff may plead, in answer to the plea, as many several matters as he shall think necessary to sustain his action, it was enacted that " no one plea shall contain distinct matters of defence or reply." The word " plea " is here evidently used for the word " pleading."   Md. Code of 1878, Art. 64, sec. 72.

Matter which amounts to a second claim or answer will operate to make a pleading double, notwithstanding that it is ill pleaded, and a pleading which contains several answers will be double even if only one is sustainable. *Wright* v. *Wright*, 3 Q. B. 94; 18 Am. and Eng. Enc. of Law, p. 563.

3. The statement in the replication that the first suit had been discontinued after plea pleaded was not an answer to the plea, and the replication was demurrable.   The plea in effect sets forth that there was a prior action pending in the same court, between substantially the same parties, for the same cause.   The replication alleges by way of avoidance that the first suit was discontinued on the 3d of October, 1892, more than three years after the plea was filed.   1 Chitty on Pl. (14 Am. ed.) *453.

The best considered decisions of the leading courts of this country follow the English doctrine as laid down by Mr. Chitty.   *Com.* v. *Churchill*, 5 Mass. 174; *Clifford* v.

*Corey*, 1 Mass. 495 ; *Buffum* v. *Tilton*, 17 Pick. 510 ; *Gainsby* v. *Ray*, 52 N. H. 513 ; *Frogg* v. *Long*, 3 Dana (Ky.) 157 ; *Curtis* v. *Piedmont Co.*, 109 N. C. 401 ; *Wales* v. *Jones*, 1 Mich. 254 ; *Hope* v. *Alley*, 11 Tex. 259.

4. The first suit was not ineffectual in any sense, and the matters at issue therein between John Glenn, trustee, and the defendant, could be tried and decided in the first suit; and a judgment could have been rendered therein. Even if the first suit had been defective and ineffectual, yet the defect could have been cured by amendment. Act of Maryland, 1785, chap. 80, sec. 4 ; R. S. U. S., sec. 954 ; 1789, chap. 20, sec. 32 ; *Tibbs* v. *Parrott*, 1 Cr. C. C. 177 ; *Georgetown* v. *Beatty*, 1 Cr. C. C. 234 ; *Randolph* v. *Barrett*, 16 Pet. 138 ; *Braswell* v. *McDaniel*, 74 Ga. 319 ; *Miller* v. *Pollock*, 99 Pa. St. 202.

A suit brought in the name of the assignee of a chose in action is amendable by placing on record the name of a legal party. *Downey* v. *Garard*, 24 Pa. St. 52 ; *Barnhill* v. *Haigh*, 53 Pa. St. 165. And where a party sues on an official bond in his own name, the commonwealth may be made the legal party by amendment: *Clemant* v. *Commonwealth*, 95 Pa. St. 107.

A demurrer admits all such matters of fact as are sufficiently pleaded, but not inferences, arguments or conclusions of law from them. Com. Dig. Pl. (Q. 6) ; Stephen Pl. *143 ; *Duncan* v. *Thwaites*, 3 B. & C. 584 ; *Com.* v. *Allegheny*, 20 Pa. St. 185.

5. The party plaintiff in the first suit and the party plaintiff in the second suit are substantially the same. The assignee suing in his own name is substantially the same plaintiff as the assignor suing in his own name for the use of the assignee. *Watson* v. *Jones*, 13 Wall. 705 ; *Maryland* v. *Baldwin*, 112 U. S. 490.

The relation of assignor and assignee is that of privity, and actions by different plaintiffs in privity of title is a well-established exception to the rule that the plaintiffs in each suit must be the same. *Harmon* v. *McRea*, 91 Ala. 401

Story Eq. Pl. (10th ed.) sec. 738 ; *Halloway* v. *Halloway*, 103 Mo. 274 ; *Beach* v. *Norton*, 8 Conn. 71.

An assignee of a chose in action cannot proceed in equity to enforce for his own use a legal right of his assignor's merely upon the ground that he cannot maintain an action at law in his own name, for the reason that the assignee, by using the name of the assignor, has a plain, adequate and complete remedy at law. *Hayward* v. *Andrews*, 106 U. S. 672 ; *N. Y., &c., Co.*, v. *Water Co.*, 107 U. S. 205.

The identity of John Glenn, trustee, and the National Express and Transportation Company, use of John Glenn, trustee, the cause of action and defendant being the same, was expressly decided in the case of the *Bank of America* v. *Wheeler*, 28 Conn. 433 ; 73 Am. Dec. 683.

Mr. Justice McComas, of the Supreme Court of the District of Columbia, who sat with the Court in the hearing of this cause in the place of Mr. Justice Morris, delivered the opinion of the Court:

It is objected to the replication that it is double in that it attempts to set up two alleged answers to the plea in abatement, namely, that the said first suit was ineffectual and that it was discontinued after plea pleaded. Perhaps superfluous facts are stated, but the matters stated constitute a single reply. It is alleged that the first suit was ineffectual, and that it was discontinued because it was ineffectual. The point was the ineffectuality of the former suit, the rest was inducement and explanatory matter. The single point may consist of several facts if they be dependent and connected. The ineffectuality of the former suit and the discontinuance because of its ineffectuality, taken together, constitute one proposition. Where the facts asserted in the plea are not denied but the replication attempts to avoid them, the replication may contain as many facts as are necessary to make out the point which avoids the plea. The replication may contain more facts than are necessary

to be stated, but superfluity does not vitiate. The vice of duplicity in pleading consists in relying upon two or more distinct grounds, either of which, independent of the other, would constitute a good defence to the action. No matters, however multifarious, will operate to make a pleading double that together constitute but one connected proposition. The rule of good pleading requires that the replication be confined to a single point, not to a single fact. It is true that this replication consists of several parts, yet all taken together constitute but one point. All the facts tend to establish but one answer. . Therefore it is not double. *Russell* v. *Rogers*, 11 Wendell (N. Y.) 357; 1 Chitty Pleading, star pages 605, 650; Gould's Pl. 420, 424, secs. 3, 9; *Harker* v. *Brink*, 24 N. Y. Law, 344; *Stewardson* v. *White*, 3 H. & McH. 456; *Holland* v. *Killer and Lathrop*, 16 Ill. 134.

Duplicity was always a defect of form merely and open to attack only on special demurrer; it was not a substantial defect.

Where special demurrers have been abolished, duplicity ceases to be a vice which can be attacked by demurrer. In this jurisdiction a demurrer must be for matter of substance and not for mere matter of form; special demurrers have been abolished. *United States, use of Alexander*, v. *Ritchie*, 3 Mackey, 163; 1 Poe's Pleading and Practice, 736.

Rule 28, section 3, Common Law Rules of the Supreme Court of the District of Columbia provides that in all such cases of defects of pleadings, which were the subject of special demurrer at common law, the defect may be taken advantage of by motion to strike out. The learned counsel for the appellee answers that the decision in *United States, use of Alexander*, v. *Ritchie*, approved a rule existing eleven years ago, whereas the present rule of the same court respecting demurrers went into effect in 1894. We have examined the rule of court in force in 1889 and find it *in totidem verbis* the present rule in respect of the form and effect of a demurrer in the Supreme Court of this District. The present rule adds several provisions, among these the mo-

tion to strike out in lieu of a special demurrer. Nor does section 954 of the Revised Statutes help the contention of the appellee. That is a remedial statute which must be construed liberally to accomplish its object. It not only enables, but it enjoins, the court to disregard the niceties of form which often stand in the way of justice. This statute in terms authorized the courts to impose conditions and pre-scribe rules to effect its general purposes. *Parks* v. *Turner,* 12 Howard, 46.

The present rule of court requiring a demurrer to be for matter of substance is within the purview of this statute and not in violation of it. It is not too late for the appel-lant to object to the appellee's demurrer because it is a special demurrer. This special demurrer was sustained, and from that judgment this appeal was taken. The ap-peal, therefore, directly involves the nature and effect of this demurrer.

The replication to this plea in abatement admits that, if not nominally, at least substantially, the party plaintiff is the same in each suit. It admits, and it is apparent that the real party in interest is, the plaintiff in both cases ; that he represents the same interest, asserts the same right and claims the same relief against the same defendant; that if the pending suit had been effectual and had already been disposed of, it could be pleaded in bar as a former adjudi-cation of the same matter between the same parties. *Wat-son* v. *Jones,* 13 Wallace, 705 ; *Bank of North America* v. *Wheeler,* 28 Conn. 441.

The replication which thus confesses the substantial iden-tity of the former and the present suit alleges matter in avoidance of the plea in abatement. The demurrer to this replication admits such matters, and thus admits that the prior suit was ineffectual by reason of the fact that the same was brought in the name of John Glenn, trustee, and not in the name of the National Express and Transportation Company for the use of said John Glenn, trustee, and that the matter at issue between John Glenn, trustee, and this

defendant, could not be tried and decided in the prior action, and that no judgment could have been recovered thereon. So much, at least, must be taken to be admitted by the demurrer.

It is clear that the suit of "*John Glenn, Trustee,* v. *Burdette,*" was like the suit of "*John Glenn, Trustee,* v. *Marbury,*" filed on the same day, in the same court, and carried from that court to the Supreme Court of the United States, and there held to be ineffectual.

In *Glenn* v. *Marbury,* 145 U. S. 511, Mr. Justice HARLAN, speaking for the court, said: "We concur entirely in the views expressed by Mr. Justice Cox, speaking for the court in *Glenn* v. *Busey,* where can be found a careful and elaborate discussion of this question. In harmony with the decision in that case, we hold that the present suit cannot, consistently with the principles of the common law, which is the law upon this question for the District of Columbia, be maintained by the plaintiff in his own name as trustee."

In *Glenn* v. *Busey,* 5 Mackey, 249, the court said: " The plaintiff is entitled to sue for the unpaid subscriptions to the extent called for, and the question is, whether he shall sue in his own name or in that of the corporation to his own use. By the law of this District he must do the latter."

The former suit of *Glenn, Trustee,* v. *Burdette,* is so very like the suit of *Glenn, Trustee,* v. *Busey,* that we conclude that the former suit pleaded in abatement of the present suit was ineffectual.

The general principle is well settled that the pendency of a prior suit between the same parties for the same cause of action or claim of right will abate a later suit, because in such a case the last is deemed unnecessary, and therefore vexatious. The reason for this rule is that the second suit is unnecessary and consequently oppressive. Where the first action is ineffectual, so defective that no recovery can be had, and the second action is necessary for securing the

plaintiff's rights, the reason of the rule fails, and the pendency of a former suit will not abate the second action. The second action is not in such case deemed vexatious. *Rogers* v. *Harkins*, 15 Ga. 274; 1 Saund. Pl. & Ev. 19; Gould's Pl. 285; *Quinsburg Bank* v. *Tarbox*, 20 Conn. 515; *Burnett* v. *Chase*, 21 N. H. 585; Arch. Pl. 320.

In such a case the former suit was as no suit, and in legal contemplation there was not another suit pending for the same cause of action at the time the present suit was brought. *Phillips* v. *Quick*, 68 Ill. 325.

Hence it is that courts in modern times have somewhat modified the rule, and instead of regarding the second suit as necessarily vexatious, have gone into the inquiry whether in fact it was vexatious. It is upon this principle that the courts have almost uniformly proceeded in holding that the second suit is not vexatious when it appears that the prior suit must have been ineffectual, and consequently that it is no ground for abating the second suit. *Downer* v. *Garland*, 21 Vt. 365; *N. & W. Railroad* v. *Neumally*, 88 Va. 549; *Hatch* v. *Spofford*, 22 Conn. 494; *Adams* v. *Gardner*, 13 B. Monroe (Ky.) 197.

When the first suit is discontinued before the defendant is called on to plead, there is abundant authority to sustain this position. But it has been further frequently decided that where the second suit is necessary to secure the demand by reason of the ineffectuality of the first suit, the first suit may be discontinued, after plea in abatement filed, so as to avoid the effect of that also. *Leavitt* v. *Moore*, 54 Md. 618; *Durand* v. *Carrington*, 1 Roct. 168; *Rogers* v. *Harkins*, 15 Ga. 270; *Toland* v. *Tichenor*, 3 Rawle, 322; *Findley* v. *Keim*, 62 Pa. 118; *Beale* v. *Cameron*, 3 How. Pr. Rep. 414.

In *Chamberlain* v. *Eckhart*, 2 Bissell, 125, Justice DRUMMOND held that a replication that, after the filing of the plea in abatement, the suit which had been pending had been dismissed was a good replication; that the rule here contended for by the appellee's counsel is not the present doc-

trine, for, said he, " when the suit was commenced there was an obstacle in the way. When the plea was pleaded there was the same obstacle. But now, when the replication is filed, that obstacle is removed."

It is true Chitty says the plaintiff cannot, after a plea in abatement of the pendency of a prior suit, avoid the effect of a plea by discontinuing the first action which was pending at the time of the plea. 1 Chitty Pl. (14 Amer. ed.) 454. This statement implies that a discontinuance of the prior suit before the plea in abatement was filed would avoid such plea. The cases which thus limit the right to discontinue a prior suit for the purpose of avoiding the abatement of the second suit follow C. J. Parsons, 5 Mass. 174, in the doctrine that the merits of a plea, so far as they depend on the allegation of facts, must be determined by the law and the facts existing when the plea is pleaded, and that a plea cannot be confessed and avoided by a posterior fact done by a party not pleading it.

. We believe it more just to hold that where the record shows that the former suit was a nullity or even ineffectual, and was therefore discontinued, the ineffectuality is as good reply before as after plea .pleaded. The old doctrine, that if the first suit is pending the defendant is presumptively vexed and oppressed by the second suit, has been relaxed, and defects in the first suit which prevent the plaintiff from recovering judgment have been held sufficient to defeat a plea in abatement of a former suit pending. The presumption was that the first suit was effective and afforded an ample remedy to the party, and hence the second suit would be presumptively vexatious. But courts in modern times have held that the second suit is not vexatious when it appears that the prior suit must have been ineffectual. *Downer* v. *Garland*, 21 Vt. 366.

Indeed it has been held that the presumption is when a party brings a second action while a prior one for the same cause is pending, that he labors under some disadvantage in the first suit, which renders the second necessary ; and

the discontinuance of the first action tends to negative the presumption that the proceeding was intended to vex and harass the other party. *Adams* v. *Gardner*, 13 B. Mon. (Ky.) 198.

In the present case the replication shows and the demurrer admits that the first suit was ineffectual, and was discontinued after the plea in abatement because it was ineffectual.

We need not, therefore, in this case, consider the legal presumptions respecting a pending action. It is sufficient to say that if such a replication that a suit was ineffectual and for that reason was discontinued before a plea in abatement, should be held good on the ground of ineffectuality, the same ineffectuality justifies this court in holding such replication good when the suit was discontinued by reason of ineffectuality after the plea in abatement was filed. We hold that because the first suit was ineffectual the second was not vexatious, either before or after the plea in abatement. The rule ceases when the reason of the rule ceases. Whether or not the defect of the first suit could have been cured by amendment we need not proceed to discuss, because the demurrer admits that the first suit was ineffectual. Even if the first suit could have been amended there is no rule of law which compels a plaintiff to amend his complaint. The plaintiff may resort to another action. *Geery* v. *Webster*, 11 Hun, (N. Y.) 430 ; *Reynolds* v. *Harris*, 9 Cal. 341.

While the law is careful to shield the defendant from oppression and vexation it does not prevent a plaintiff from using the means in his power to collect his debt. A plea in abatement is a dilatory plea. If the plaintiff dismissed his first suit as soon as he safely could and was compelled to bring and maintain the second to avoid the bar of the statute of limitations, the court may exercise a wise judicial discretion, if it should not be reluctant to refuse to, grant such a plaintiff the opportunity for a fair and speedy trial. *Hatch* v. *Spofford*, 22 Conn. 494 ; *N. & W. Railroad* v. *Neunally*, 88 Va. 549.

For these reasons *the judgment of the court below must be reversed with costs, and the cause remanded to that court for further proceedings.*