# Richmond.

## R. & D. R. R. Co. v. RUDD.

### January 26th, 1892.

1. PRACTICE AT LAW — *Summons — Copy— Variance— Waiver.*—Original summons states damages at $15,000.00; copy at $1,500.00. The variance could be taken advantage of only by plea in abatement (§ 3259); and, at least, was waived by failure to object before verdict.
2. NEGLIGENT INJURIES—*Brakeman—Case at bar.*—Defendant's rules, wherewith plaintiff, a brakeman, was unacquainted, forbade uncoupling cars except with a stick, which, in this instance, could not be done. Conductor ordered plaintiff to uncouple cars. Whilst he was pulling coupling-pin with his hand he was thrown between the cars and injured by reason of the engine being suddenly reversed at a signal from a brakeman left by conductor to do the signaling;

HELD:

> Plaintiff was not guilty of negligence in not using a stick, as it would have been ineffectual, nor in obeying the conductor; but the brakeman (acting in the place of the conductor) was guilty of negligence in giving the signal to reverse the engine, which was the proximate cause of the injury.

Error to judgment of circuit court of city of Richmond, rendered November 15th, 1888, in an action of trespass on the case for negligent injury, wherein F. J. Rudd was plaintiff, and the plaintiff in error, the Richmond and Danville Railroad Company, was defendant. Opinion states the case.

*Staples & Munford*, for plaintiff in error.

*Meredith & Cocke*, for defendant in error.

HINTON, J., delivered the opinion of the court.

This is an appeal in an action of tort, in which there was a verdict and judgment in favor of the plaintiff for $5,500.

By the accident the plaintiff had both legs and thighs broken, and one of the legs was so badly injured that it had to be amputated. And from this it will appear that, if he was entitled to recover at all, the verdict cannot be considered as so grossly excessive as to require a new trial.

It is argued for the defendant company, however, that the court erred in failing to quash the alias summons issued in the case.

The original summons was sued out of the clerk's office on the 31st day of March, 1888. It correctly stated the damages as $15,000; but, by some inadvertence on the part of the clerk, the copy thereof which was served on the company stated the damages at $1,500. This variance, however, is one which could only have been taken advantage of under section 3259 of the Code, by a plea in abatement, and that not having been done the objection comes too late. The mistake as to the amount of damages claimed was immaterial, so far as notice was concerned, for the copy of the summons served correctly informed the company as to the court, the nature of the action and the name of the defendant, and all else he could have acquired from an examination of the declaration; and if it had been availed of in the proper way the court would have allowed it to have been corrected at bar, or have remanded it to rules and for an alias summons to be issued; and as this has been done, though for a different reason, we fail to see how the company could possibly have been prejudiced. In any event, however, the objection has been waived by the failure of the defendant to take advantage of it before verdict; since, in our judgment, the cause was remanded to rules because there were not the *ten days,* required by section 3227 of the Code, between the day of service and return, where the service was upon an agent.

The next and only other assignment of error deserving notice is that the circuit court erred in failing to give four instructions asked by the defendant, and in giving the first instruction which it gave.

The instructions asked by the defendant may be arranged in couplets, and will be so examined.

Having introduced in evidence the following paper:

> " Richmond and Danville R. R. Co.,
> " March 3d, 1886.

" I fully understand that the rules of the Richmond and Danville Railroad Company positively prohibit brakemen from coupling or uncoupling cars except with a stick, and that under no circumstances must brakemen or others go between cars for the purpose of coupling or uncoupling, or for the purpose of adjusting pins, &c., when the engine is attached to such cars or train. I have carefully read the above, and fully understand its meaning.

> " Signed,     F. J. RUDD.

" Witness: A. J. Duesberry."

The defendants asked for instructions one and two, which propound the proposition that " if the plaintiff's injury resulted from his violation of this rule of the company there could be no recovery, even though he was acting at the time in obedience to what he understood were the commands of the conductor."

These instructions were based upon a misconception of some of the adjudications of this court, to which we hardly deem it necessary to allude.

When the plaintiff was injured he was a brakeman on the shifting-train, and had been so employed for about four weeks. The said shifting-train, or engine, was used for the purpose of

shifting cars in the yards of the appellant from one track to another. Besides the engineer in charge of the engine and his fireman, the crew was composed of the conductor, Carwyle, and Fall and the appellee as brakemen. At the time of the accident the said crew were engaged in shifting certain cars on the tracks of the appellant in Manchester, near the Belle Isle Junction, where the tracks running from Belle Isle join the tracks of the appellant. To the engine were attached six cars— four flats next to the engine, and two coal-cars next to the flat-cars. They were standing on a side track. It was desired to get at the coal-cars, so as to make some use of them. To accomplish this it was determined to pull all of the cars off the side track on to the main track, then to push the cars back with sufficient force to throw the coal-cars on the main track beyond the switch connecting the main and the side track, and afterwards to return the flat-cars upon the said side track.

The conductor stated that such was his object. He told Rudd to stay on the flat-cars and cut the coal-cars loose upon the main track after passing the switch, and to ride back on the flat-cars, so as to put them back on the side track. The conductor said that he wanted the engineer to give the cars force enough to make the coal-cars clear the siding. Rudd got on the flat-car next to the coal-cars, so as to obey the order given him.

As the cars were being pushed down the main line Rudd stooped down and tried to pull out the coupling-pin, and while in that position a brakeman, named Fall, who had been left by the conductor in his place to give signals, gave a signal to the engineer to reverse his engine. By this improper and unexpected reversing of the engine the plaintiff was thrown off the flat-car, and both legs were run over by the coal-cars. Such being the facts of this case, it is clear that it is ruled by the case of *R. & D. R. R. Co.* v. *Williams*, 86 Va. 165; because, assuming, for sake of the argument, that the plaintiff was negligent, the proximate cause of the accident was the negligent

conduct of the brakeman in causing the train to be put in motion under such circumstances.

The other instructions asked by the defendant are plainly erroneous. They announce the proposition that the action of the plaintiff in endeavoring to uncouple the cars without a stick in the absence of the conductor was contributory negligence. The proof shows that this uncoupling could not have been done with a stick, and the court does not regard the act of the plaintiff in obeying the conductor as contributory negligence.

As was said by Chief-Justice Cooley in *C. & N. W. R'y Co.* v. *Rayfield,* 37 Mich., p. 212, " We agree with the Supreme Court of Pennsylvania, that ' where a servant, in obedience to the orders of his superiors, incurs the risk 'of machinery, which, though dangerous, is not so much as to threaten immediate injury, or where it is reasonably probable that it may be safely used by extraordinary caution or skill,' the case is not to be regarded as one of concurring negligence." *Patterson* v. *Pittsburg, &c., R. R. Co.,* 76 Penn. St. 389–394; see also *Kane* v. *N. C. R'y Co.,* 128 U. S., p. 96; *Lawless* v. *R. R. Co.,* 136 Mass., p. 1.

As to the instruction given by the court, it is sufficient to say that in our opinion it aptly states the law as applicable to this case, and therefore was properly given. We perceive no error in the judgment complained of, and it must be affirmed.

JUDGMENT AFFIRMED.