## Texas & New Orleans Railroad Company v. Bernard R. Kelly.

### No. 1294. Decided April 14, 1904.

**1.—Master and Servant—Known Defects—Contributory Negligence—Charge.**

An instruction on the effect of a servant's contributory negligence in using a hand car known by him to be defective through absence of a brake, which limited the jury to a consideration of his conduct in its use "at the time and place and under the circumstances alleged by him in his petition," was not erroneous in the absence of a showing that there were circumstances affecting the nature of his act other than those so alleged; nor does such charge assume that he used the car under the circumstances alleged. (P. 136.)

**2.—Same—Use by Direction of Superior.**

A servant using an appliance known by him to be defective, though without orders to do so, is excused from the imputation of negligence therefrom, if, under like circumstances, a reasonably prudent man would have so done; a charge excusing him under such circumstances, if he used it by order of his superior, was not prejudicial to the defendant, his employer, since the order of his superior was a fact pertinent to be considered in determining the character of the servant's conduct. (P. 136.)

**3.—Same—Assumed Risk—Known and Unknown Defects.**

A servant does not, by use of an appliance known to be defective (as a hand car without a brake) assume the risk of injury from other and unknown negligence of the employer co-operating with the known defect to cause his injury (as the erection, without warning to him, of an obstruction across the track as a temporary stock guard while constructing the road through an inclosure). A requested charge on assumed risk from the known defect is held property refused for ignoring this principle. (Pp. 136, 137.)

**4.—Charge—Omission—Request.**

There is no error to the prejudice of a defendant in giving a charge requiring a verdict in his favor on each hypothesis submitted thereby, where his requested instructions on the same subject have been given. (P. 137.)

**5.—Requested Charge—Embraced in That Given.**

Requested charges held properly refused because embraced, except as to unimportant details, in the instructions given. (P. 137.)

**6.—Charge—Assumed Risk.**

A charge that the risks "ordinarily incident to the employment" assumed by the servant do not include those arising from the master's negligence, does not imply that the risk from defects in machinery due to the master's negligence is not also assumed, where such defects are known to the servant, the law as to assumption of risk from known defects being properly given in other instructions. (P. 137.)

Questions certified from the Court of Civil Appeals for the First District, in an appeal from Harris County.

*Baker, Botts, Parker & Garwood, Andrews & Ball,* and *C. L. Carter,* for appellant.—It was error for the trial court in submitting the question of contributory negligence upon the part of the plaintiff, in using a defective hand car, to limit the jury in the consideration of that question to the time, place and circumstances alleged by the plaintiff in his petition, to the exclusion of the facts in evidence and the allegation in defendant's answer, but it should be left for them to determine

whether it was contributory negligence or not, from all the facts in the case.

It was error for the court to charge the jury "that if you believe from the evidence that the plaintiff's superior officer directed him to use the hand car without a brake, then you are further instructed that unless the danger of using said hand car in that condition was so apparent that an ordinarily prudent person would not have used the same, under the same or similar circumstances, the plaintiff would not be guilty of contributory negligence in that respect," and in submitting the further proposition that if they believed from the evidence that the danger of using the hand car at the time and place, and under the circumstances alleged in plaintiff's petition, was one of such apparent danger that a prudent man would not have undertaken it, to find for defendant. This charge was not warranted by the evidence in this case. Jones v. Galveston H. & S. A. Ry. Co., 31 S. W. Rep., 706; International & G. N. Ry. Co. v. Williams, 82 Texas, 344; Texas & P. Ry. Co. v. Bradford, 66 Texas, 737; George v. Mobile & O. Ry. Co., 109 Ala., 245; Baker v. Western & A. Ry. Co., 68 Ga., 699; Bell v. Railway Co., 70 Ga., 566; 1 La Batt, Mast. and Serv., sec. 443; Beach, Con. Neg., sec. 358.

If plaintiff's superior officer directed him to use the defective hand car, he would not have been thereby relieved of responsibility for negligence in the manner of using it. That portion of the court's charge set out in second proposition, supra, was therefore erroneous, misleading and confusing, in that it directed the consideration of the jury only to the question of the apparent danger of using the defective car at the time the order was given, and practically removed from the consideration of the jury the question as to plaintiff's negligence in the manner of its use. English v. Chicago M. & St. P. Ry. Co., 24 Fed. Rep., 906; Cornwall v. Charlotte C. & A. Ry. Co., 97 N. C., 11; Smith v. St. P. & D. Ry. Co., 51 Minn., 86; East Tennessee V. & G. Ry. Co. v. Bridges, 92 Ga., 399; Jenny Elec. L. & P. Co. v. Murphy, 115 Ind., 566; Williams v. Churchill, 137 Mass., 243; Wiggins Ferry Co. v. Heilig, 43 Ill. App., 238; Songstad v. B. C. R. & N. Co., 5 Dak., 517.

It is error for the court in a charge to assume the existence of controverted facts, or charge on the weight of the evidence. The charge complained of in this assignment of error assumes as a fact that the plaintiff used the hand car at the time and place and under the circumstances alleged by him in his petition. This was a controverted issue. In another place in the same charge the court tells the jury that as a matter of law the plaintiff would not be guilty of contributory negligence in using the hand car without a brake, under the direction of a superior officer, unless the danger of such use was so apparent that an ordinarily prudent person would not have used it under the same or similar circumstances, thus assuming that a certain state of facts would not constitute contributory negligence. Missouri Pac. Ry. Co. v. Christman, 65 Texas, 374; Gulf C. & S. F. Ry. Co. v. Kutac, 76 Texas, 478;

Gulf C. & S. F. Ry. Co. v. Brentford, 79 Texas, 619; Houston & T. C. Ry. Co. v. Nixon, 52 Texas, 19; Texas & P. Ry. Co. v. Pennell, 2 Texas Civ. App., 127; St. Louis S. W. Ry. Co. v. Sibley, 4 Texas Ct. Rep., 922; St. Louis S. W. Ry. Co. v. Cassidy, 40 S. W. Rep., 198; Overall v. Armstrong, 25 S. W. Rep., 440; Pledger v. Railway Co., 4 Texas Ct. Rep., 915; Gulf C. & S. F. Ry. Co. v. White, 32 S. W. Rep., 323; Houston City Street Ry. Co. v. Artusey, 31 S. W. Rep., 319; Pabst Brewing Co. v. Emerson, 36 S. W. Rep., 342; Missouri K. & T. Ry. Co. v. Williams, 40 S. W. Rep., 160, 162.

If a servant knows a machine is defective, and knows the danger of its use, he assumes the risk of injuries resulting from such defect, though his superior directed him to use it; and the pleading and evidence in this case demanded a charge upon this proposition. Texas & P. Ry. Co. v. Bradford, 66 Texas, 732; Texas & P. Ry. Co. v. French, 86 Texas, 96; Galveston H. & S. A. Ry. Co. v. Drew, 59 Texas, 10; Galveston H. & S. A. Ry. Co. v. Lempe, 59 Texas, 19; Houston & T. C. Ry. Co. v. Fowler, 56 Texas, 452; Jones v. Galveston H. & S. A. Ry. Co., 11 Texas Civ. App., 39; Gulf C. & S. F. Ry. Co. v. Schwabbe, 1 Texas Civ. App., 573; Houston & T. C. Ry. Co. v. Martin, 21 Texas Civ. App., 208; Houston & T. C. Ry. Co. v. Conrad, 62 Texas, 629; Gulf C. & S. F. Ry. Co. v. Brentford, 79 Texas, 619; International & G. N. Ry. Co. v. Williams, 82 Texas, 344; Missouri K. & T. Ry. Co. v. Spellman, 34 S. W. Rep., 298; Texas & P. Ry. Co. v. Bryant, 27 S. W. Rep., 826; Texas & N. O. Ry. Co. v. Bingle, 91 Texas, 288.

If not beyond criticism special charge number 12 was sufficient to call the court's attention to the issue, which was a prominent one, made so by both pleading and proof, and it was therefore reversible error for the trial court to fail to properly charge thereon. Neville v. Mitchell, 66 S. W. Rep., 579; Houston & T. C. Ry. Co. v. Turner, 9 Texas Ct. Rep., 292; Cleveland v. Empire Mills, 25 S. W. Rep., 1057; Kirby v. Estill, 75 Texas, 484; Earle v. Thomas, 14 Texas, 583; Gulf C. & S. F. Ry. Co. v. Hodges, 76 Texas, 90; Freybe v. Tiernan, 76 Texas, 286; Gulf C. & S. F. Ry. Co. v. Hill, 58 S. W. Rep., 255; Williams v. Emberson, 55 S. W. Rep., 595; Missouri K. & T. Ry. Co. v. Miles, 50 S. W. Rep., 168; Railway Co. v. Beatty, 25 S. W. Rep., 935.

The court erred, to the prejudice of this defendant, in that portion of its general charge to the jury which reads as follows: "If you believe from the evidence in this case that the plaintiff of his own fault permitted his crew to operate the hand car at too rapid a rate of speed, or in too close proximity to the hand car in front of him; or that he violated any rule or usage of the defendant in the operation of said car, as alleged by the defendant, and was guilty of contributory negligence, as that term has heretofore been defined and explained to you in any of these respects; or if you believe from the evidence that he occupied a position on said hand car whereby he or his limbs were exposed to injury, and that in this respect he was guilty of contributory

negligence; or if you believe from the evidence that the plaintiff neglected to keep a proper lookout along the track over. which he was riding to discover obstructions upon said track, and in this respect was guilty of contributory negligence, as that term has heretofore been defined, then in either, each or all of these alternative events your verdict should be in favor of the defendant."

The trial court erred in refusing to give to the jury special instruction number 11, requested by the defendant, as follows: "You are charged that if you believe from the testimony that the plaintiff, B. R. Kelly, permitted the hand car upon which he was riding to be operated at the speed of ten or twelve miles per hour, down grade, over a newly constructed track, without a brake upon it, and from fifty to one hundred yards in the rear of another hand car, and that such action on the part of said Kelly was negligence, as that term has heretofore been defined to you, which proximately caused or contributed to the injuries of which he complained, then and in that event, your verdict should be for the defendant railroad company." Missouri K. & T. Ry. Co. v. McGlamory, 89 Texas, 638; Gulf C. & S. F. Ry. Co. v. Shieder, 88 Texas, 166; Texas & P. Ry. Co. v. Reed, 88 Texas, 446; Texas Trunk Ry. Co. v. Ayers, 83 Texas, 270; Missouri K. & T. Ry. Co. v. Rogers, 91 Texas, 58; St. Louis S. W. Ry. Co. v. Cassidy, 92 Texas, 526, 527; Houston & T. C. Ry. Co. v. Carruth, 50 S. W. Rep., 1038; International & G. N. Ry. Co. v. Neff, 87 Texas, 307.

"The correct rule is, that defendants had the right to prepare and demand the giving of a charge requiring the jury to find whether the evidence established the existence of any specified group of facts which, if true, would in law establish such plea, and instructing them that if they found such group of facts to be established by the evidence, to find for defendants. And this would be true if proper charges had been asked as to each of the several pleas of contributory negligence presented by the record. Any other rule would deprive litigants of their right to have the court explain to the jury the principles of law applicable to the very facts constituting a cause of action or defense, so that they may intelligently pass upon the various complicated issues frequently presented for their determination in one case under our practice." Gulf C. & S. F. Ry. Co. v. Shieder, 88 Texas, 166; Missouri K. & T. Ry. Co. v. McGlamory, supra.

There was error in qualifying the doctrine of assumed risk enunciated in paragraph 5 of the court's general charge, and there was further error in defining risk ordinarily incident to the employment, and the definition given by the court exculpated plaintiff from the assumption of any risk created by his own negligence or that of defendant's employes under his control, or by the use of defective machinery known by him to be defective. The charge as given is incorrect, misleading and confusing. Electric Co. v. Robinson, 8 Texas Ct. Rep., 217; Galveston H. & S. A. Ry. Co. v. Drew, 59 Texas, 10; Galveston

H. & S. A. Ry. Co. v. Lempe, 59 Texas, 19; Houston & T. C. Ry. Co. v. Fowler, 56 Texas, 452; Texas & P. Ry. Co. v. Bradford, 66 Texas, 732; Texas & P. Ry. Co. v. French, 86 Texas, 96; Texas & N. O. Ry. Co. v. Bingle, 91 Texas, 288.

*Lovejoy & Malevinsky,* for appellee.—The railway company having pleaded that Kelly was guilty of contributory negligence in using the hand car without a brake in the first instance and independent of the manner of its use, and Kelly having justified its use by pleading a direct order of a superior officer, it was the privilege of plaintiff and defendant to have the issues embodied in these respective pleas and which the evidence tended to support submitted to the jury for determination. St. Louis S. W. Ry. Co. v. Casseday, 92 Texas, 525; Missouri K. & T. Ry. Co. v. McGlamory, 89 Texas, 639; Gulf C. & S. F. Ry. Co. v. Shieder, 88 Texas, 152; Galveston H. & S. A. Ry. Co. v. Buch, 65 S. W. Rep., 683; Houston & T. C. Ry. Co. v. White, 56 S. W. Rep., 205.

Paragraph 9, when construed as a whole, did not limit the jury in their consideration, or unduly qualify them upon the question of plaintiff's negligence vel non in using the hand car without a brake, in a negligent manner, because after submitting in paragraph 9 the alternative as to whether or not it was negligence on the part of Kelly in using the hand car without a brake in the first instance, in the concluding part of the paragraph the charge submitted the general alternative, that if the jury believed plaintiff used the hand car in a negligent manner they should find for the defendant. It is thus demonstrated beyond peradventure that the court did not limit or unduly qualify the jury in its consideration of the question of contributory negligence, either in using the hand car without a brake in the first instance, or in the manner of its use. International & G. N. Ry. Co. v. Branch, 68 S. W. Rep., 339; Galveston H. & S. A. Ry. Co. v. Buch, 65 S. W. Rep., 683; Texas & N. O. Ry. Co. v. Scott, 71 S. W. Rep., 30; Galveston H & S. A. Ry. Co. v. Pitts, 42 S. W. Rep., 257; International & G. N. Ry. Co. v. Gourley, 54 S. W. Rep., 307; International & G. N. Ry. Co. v. Emery, 40 S. W. Rep., 150; Railway Co. v. Robinson, 8 Texas Ct. Rep., 217.

Having relation to the question as to whether or not Kelly was guilty of contributory negligence in using the hand car without a brake in the first instance, it is indisputably shown by the pleadings of the respective parties heretofore set out and by the conclusions of fact found by the Court of Civil Appeals, that there was no difference between the plaintiff and the defendant as to the time of the accident or the place of the accident, or the circumstances of the accident bearing upon the use of the hand car without a brake in the first instance, save and except that Kelly pleaded that he was ordered to do so by a superior officer, and this was denied by the railway company, but it will be observed by the court in the consideration of paragraph 9 of the court's charge that in

order to relieve Kelly of the charge of contributory negligence pleaded by the railway company in using a hand car without a brake in the first instance, the jury was required by the instructions to find as a condition precedent: (a) "That he was ordered to do so by his superior officer;" (b) "that an ordinarily prudent man would have obeyed the order." St. Louis S. W. Ry. Co. v. Casseday, 92 Texas, 525; Missouri P. Ry. Co. v. Lehmberg, 75 Texas, 61; Galveston H. & S. A. Ry. Co. v. Waldo, 32 S. W. Rep., 784; Houston & T. C. Ry. Co. v. Summers, 49 S. W. Rep., 1107; Texas & N. O. Ry. Co. v. Scott, 71 S. W. Rep., 26; 20. Am. and Eng. Enc. of Law, 2 ed., p. 147; Houston E. & W. T. Ry. Co. v. De Wall, 70 S. W. Rep., 537; Gulf C. & S. F. Ry. Co. v. Duvall, 12 Texas Civ. App., 360; 48 Law. Rep. Ann., 755.

The general charge of the court, as embodied in the ninth paragraph and as criticised by the railway company in its first proposition, is not in any event a misdirection upon either of the points involved in the first proposition, and if the subject of criticism at all it is only to the extent of a nondirection, and in this connection it is to be observed that, "whereas it is well settled that where the court fails to charge on an issue altogether and a special charge is requested, though incorrect, but sufficient to call the court's attention to the omission, the court should submit a proper instruction on that issue." See Neville v. Mitchell, 66 S. W. Rep., 579; "Nevertheless, where the court has made a correct general presentation of the issue (though possibly not as specific as it might have been), if the party desires a fuller charge on that issue, he must request a correct one. If the requested charge is incorrect it is proper for the court to refuse it, nor is the court bound to give other charges on that issue." Gulf C. & S. F. Ry. Co. v. Shieder, 88 Texas, 152; St. Louis S. W. Ry. Co. v. Byas, 35 S. W. Rep., 22; Gulf C. & S. F. Ry. Co. v. Mangham, 69 S. W. Rep., 80; Missouri K. & T. Ry. Co. v. Rogers, 91 Texas, 57; Railway Co. v. Anchonda, 8 Texas Ct. Rep., 96; Galveston H. & S. A. Ry. Co. v. Buch, 65 S. W. Rep., 683; 11 Am. and Eng. Enc. of Pl. and Prac., 216; Gulf C. & S. F. Ry. Co. v. Hill, 95 Texas, 636.

To the point that the charge is not a misdirection but a mere nondirection, the attention of the court is invited to the following authorities: Gulf C. & S. F. Ry. Co. v. Hill, 95 Texas, 636; Texas & P. Ry. Co. v. Brown, 78 Texas, 397; Sabine & E. T. Ry. Co. v. Wood, 69 Texas, 679; Texas & P. Ry. Co. v. Eberhardt, 43 S. W. Rep., 510; 11 Enc. of Pl. and Prac., 216; St. Louis S. W. Ry. Co. v. Casseday, 92 Texas, 527.

The charge of the court, together with the special instructions submitted at the instance of the railway company, are to be construed as an entirety, and as a matter of law to that point the attention of the jury was specially drawn by the court in its general charge, paragraph 8.

It may safely be asserted that the portion of the court's charge contained in paragraph 9 embodied in the second proposition by rule, both

of inclusion and exclusion, presented for the jury's determination the following alternative issues of fact: (a) Whether or not Kelly was ordered to use the hand car without a brake by a superior officer. (Note: He pleaded that he was, and the Court of Civil Appeals found as a conclusion of fact that he was.) (b) Whether or not the danger of using the hand car without a brake was so apparent that an ordinarily prudent man would not have used the same under the same or similar circumstances (Note: The Court of Civil Appeals found as a conclusion of fact that Kelly was not guilty of contributory negligence in doing so under the circumstances), and the following corollary as a proposition of law, that if the jury should find in Kelly's favor upon propositions A and B, that he would not be guilty of contributory negligence in that respect, which meant in the use of the hand car without the brake, in the first instance.

It was not negligence per se for Kelly to use the hand car without the brake, either under the direction of a superior officer or without such direction. See Missouri P. Ry. Co. v. Somers, 78 Texas, 439; Texas C. Ry. Co. v. Bender, 8 Texas Ct. Rep., 22; Annotated Note, 48 Law. Rep. Ann., 755.

That portion of the court's charge embodied in the ninth paragraph and set forth in the second proposition was a correct statement of the law having application to the pleadings and evidence upon the point in controversy. 20 Am. and Eng. Enc. of Law, 2 ed., 147; Houston E. & W. T. Ry. Co. v. De Walt, 70 S. W. Rep., 537; Gulf C. & S. F. Ry. Co. v. Duvall, 12 Texas Civ. App., 358; Texas P. Ry. Co. v. Lewis, 26 S. W. Rep., 873; St. Louis S. W. Ry. Co. v. Harrison, 73 S. W. Rep., 38; 48 Law. Rep. Ann., p. 755, note; Hawley v. Northern Ry. Co., 82 N. Y., 370.

The language of the court complained of in the third proposition is not subject to the criticism leveled against it. It did not direct the consideration of the jury to the question of the apparent danger of using the defective car at the time the order was given, and it did not remove from the consideration of the jury the question as to plaintiff's negligence in the manner of its use. An examination of the language of the court as contained in the ninth paragraph of the charge and as embodied in the second proposition will disclose that the attention of the jury was not directed to any time in which the car was being used, but directed the attention of the jury to the question only as to whether or not the plaintiff Kelly was guilty of contributory negligence in using the hand car at any time on the day of the 13th. In view of the fact that he had been ordered to do so by his superior officer, the fact that several hours had intervened between the giving of the alleged order in the morning and the time of the accident did not alter the legal status that existed between the parties.

It was an absolute impossibility for the jury to have been misled or confused by the instruction complained of upon the point presented

in the third proposition, that it removed from the consideration of the jury the question as to plaintiff's negligence in the matter of its use, because the jury was directly instructed in paragraph 9 of the court's charge, that notwithstanding the order, etc., if plaintiff used the hand car in a negligent manner, to find for the defendant.

The charge did not assume as a fact that the plaintiff used the hand car at the time and place and under the circumstances alleged by him in his petition. As a matter of fact it left that issue directly for the determination of the jury, without intimation from the court. St. Louis S. W. Ry. Co. Casseday, 92 Texas, 525; Missouri K. & T. Ry. Co. v. Hines, 40 S. W. Rep., 153; Galveston H. & S. A. Ry. Co. v. Waldo, 32 S. W. Rep., 784; Missouri P. Ry. Co. v. Lehmberg, 75 Texas, 61; Houston E. & W. T. Ry. Co. v. Summers, 49 S. W. Rep., 1107; Texas & N. O. Ry. Co. v. Scott, 71 S. W. Rep., 30; International & G. N. Ry. Co. v. Jackson, 62 S. W. Rep., 92; Gulf C. & S. F. Ry. Co. v. Morgan, 64 S. W. Rep., 691; Galveston H. & S. A. Ry. Co. v. Parvin, 64 S. W. Rep., 1008; Galveston H. & S. A. Ry. Co. v. Mortson, 71 S. W. Rep., 771; Galveston H. & S. A. Ry. Co. v. Karrer, 70 S. W. Rep., 329.

That portion of the charge set forth in the ninth paragraph is not on the weight of the evidence. To the contrary, the issues are submitted to the jury in hypothetical form for their determination, free from any intimation by the court, and only presented a concrete statement of the principles of law applicable to the issues in controversy. 20 Am. and Eng. Enc. of Law, 2 ed., 147; Houston E. & W. T. Ry. Co. v. De Walt, 70 S. W. Rep., 537; Gulf C. & S. F. Ry. Co. v. Duvall, 12 Texas Civ. App., 358; Texas & P. Ry. Co. v. Lewis, 26 S. W. Rep., 873; St. Louis S. W. Ry. Co. v. Harrison, 73 S. W. Rep., 38; 48 Law. Rep. Ann., 755, et seq.; Bailey on Mast. and Serv., secs. 903 et seq.

If a servant knows a machine is defective and knows the danger of its use, he assumes the risk of injuries resulting from such defect, though his superior directs him to use it, and the pleadings and evidence in this case demanded a charge upon this proposition.

The trial court did not err in refusing appellant's special charge number 12, because the plaintiff Kelly did not, in his petition, seek to recover of the railway company on account of a defective hand car. Special charge number 12, if given, would therefore have been misleading and calculated to prejudice the plaintiff's case before the jury, and confuse them as to the issues which they were to determine. The plaintiff Kelly alleged in his petition as a ground for recovery the fact that the defendant had negligently allowed an obstruction to be placed upon the track without notice to him, and that as a direct and proximate result thereof the hand car upon which he was riding collided with the hand car in front, which had run into the obstruction. The plaintiff did not seek to recover on account of a defective hand car furnished to him for his work, and this question and issue had no place in the

case, save and except by virtue of the fact that the railway company pleaded the use of the hand car without a brake as an act of contributory negligence on the part of Kelly, as a proximate result of which he was injured.

The trial court did not err in refusing special charge number 12, because it ignored the alleged negligence of the defendant in putting the obstruction across the track, and directs a verdict for the defendant, if the jury believed that the accident was the result of the hand car being minus a brake. This would have been tantamount to a peremptory instruction for the defendant, because indisputably the accident was the result of the use of a hand car minus a brake; indisputably it was also the result of an obstruction placed upon the track without notice to the plaintiff, Kelly. Gonzales v. City of Galveston, 84 Texas, 7; Missouri P. Ry. Co. v. Somers, 78 Texas, 442; New York T. & M. Ry. Co. v. Green, 90 Texas, 257; Texas & P. Ry. Co. v. McClane, 62 S. W. Rep., 567; San Antonio Gas and Electric Co. v. Speegle, 60 S. W. Rep., 885; Texas Cent. Ry. Co. v. Bender, 75 S. W. Rep., 563; Texas & N. O. Ry. Co. v. Lee, 7 Texas Ct. Rep., 42; Fort Worth & D. C. Ry. Co. v. Wilson, 24 S. W. Rep., 686; St. Louis & S. F. Ry. Co. v. McLain, 80 Texas 85; Gulf C. & S. F. Ry. Co. v. Shearer, 21 S. W. Rep., 133; St. Louis S. W. Ry. Co. v. Threat, 34 S. W. Rep., 152.

The court did not err in refusing special charge number 12, because the charge was erroneous. See Speegle v. San Antonio Gas Co., 60 S. W. Rep., 885; St. Louis & S. F. Ry. Co. v. McClain, 80 Texas, 85; Texas Cent. Ry. Co. v. Bender, 75 S. W. Rep., 563.

The court having made a correct general presentation of the issue, if appellant desired a fuller charge on that issue it ought to have requested a correct one. The requested charge being incorrect, it was not an error for the court to refuse it. Nor was the court bound to further charge on that issue. Gulf C. & S. F. Ry. Co. v. Shieder, 88 Texas, 152; St. Louis S. W. Ry. Co. v. Byas, 35 S. W. Rep., 22; Gulf C. & S. F. Ry. Co. v. Mangham, 69 S. W. Rep., 82; Missouri K. & T. Ry. Co. v. Rogers, 91 Texas, 57; International & G. N. Ry. Co. v. Anchonda, 8 Texas Ct. Rep., 93.

Paragraph 10 of the court's charge is an affirmative submission of a number of defenses pleaded by the railway company, and as far as it goes is all in favor of the railway company. In no event could it be said that the charge is in any way prejudicial to the railway company, and certainly is not an affirmative misdirection. Complaint other than nondirection is absolutely without foundation. If it was not as full as the railway company thought it entitled to, it should have requested correct special instructions. Gulf C. & S. F. Ry. Co. v. Hill, 95 Texas, 683; Texas & P. Ry. Co. v. Eberhardt, 43 S. W. Rep., 510; Sabine & E. T. Ry. Co. v. Wood, 69 Texas, 679; Texas & P. Ry. Co. v. Brown, 78 Texas, 397.

If it should be conceded that the men operating the hand cars sub-

ordinate to Kelly were guilty of contributory negligence, and he himself was without fault, and the defendant was guilty of negligence in obstructing the track, the fact that the hand cars were operated negligently by Kelly's subordinates, if he was free from fault, would not bar his suit. Texas & N. O. Ry. Co. v. Lee, 74 S. W. Rep., 348; Shelton v. Traction Co., 75 S. W. Rep., 339; Texas Cent. Ry. Co. v. Bender, 8 Texas Ct. Rep., 22; International & G. N. Ry. Co. v. Zapp, 49 S. W. Rep., 674; International & G. N. Ry. Co. v. Bonatz, 48 S. W. Rep., 769; Ft. Worth & D. C. Ry. Co. v. Mackney, 83 Texas, 410; Grand Trunk Ry. Co. v. Cummings, 106 U. S., 700.

If appellant was of the opinion that its defensive pleas of contributory negligence were not sufficiently presented by the court in paragraph 10 of the charge, it was the duty of the appellant to prepare one special charge, fully embodying its theories of contributory negligence, accurate and correct, which, if requested, the court would have given. Gulf C. & S. F. Ry. Co. v. Shieder, 88 Texas, 152; St. Louis S. W. Ry. Co. v. Byas, 35 S. W. Rep., 22; Gulf C. & S. F. Ry. Co. v. Mangham, 69 S. W. Rep., 82; Missouri K. & T. Ry. Co. v. Rogers, 91 Texas, 57; International & G. N. Ry. Co. v. Anchonda, 8 Texas Ct. Rep., 93; Galveston H. & S. A. Ry. Co. v. Buch, 65 S. W. Rep., 683; International & G. N. Ry. Co. v. Branch, 68 S. W. Rep., 338; Kroeger v. Texas & P. Ry. Co., 5 Texas Ct. Rep., 553.

BROWN, Associate Justice.—This is a certified question from the Court of Civil Appeals of the First Supreme Judicial District. The statement and questions are as follows:

"The action was brought by Bernard R. Kelly against the Texas & New Orleans Railroad Company to recover damages for personal injuries received by Kelly while he was in the employment of the company, resulting, as alleged, from its negligence. The petition showed that the plaintiff was at work for the defendant as the foreman of a gang of men in the construction and extension of its line of railroad from Rockland to Cedar, in Nacogdoches County; that while riding on a hand car about noon March 13, 1901, going from his place of work to his camp for dinner, he ran into an obstruction upon the track and was seriously injured. The alleged acts of negligence on the part of the defendant were that it erected and permitted to remain across the track a dangerous and hazardous obstruction consisting of heavy poles, and did not warn the plaintiff of its presence. The defendant answered by general demurrer and general denial, and special pleas in bar of facts to show assumed risk and contributory negligence. One of the facts alleged was that the plaintiff was using a hand car that he knew to be defective in that it was without a brake. In a supplemental petition the plaintiff admitted that the hand car he was using was defective in the respect alleged, and pleaded that he had been directed to use it by a superior officer. A supplemental answer was filed by the defendant demurring to the supplemental petition, and denying its allegations of

fact. After the court had overruled the demurrers the cause was tried by jury and resulted in a verdict and judgment in favor of the plaintiff for $30,000.

"At the time he received the injuries complained of the plaintiff was in the employment of the defendant as foreman of a bridge gang and was working near the town of Nacogdoches in the construction of the extension of the defendant's railroad from Rockland to Cedar. The company was building its track north from Rockland and had reached a point near Nacogdoches; but that part of the road had not been finished, and trains were running only as far as Huntington, several miles south of the place of the accident. The track over which the plaintiff was riding when he was injured had been constructed only two or three days. It had not been surfaced up and was in an unfinished condition, and had not been turned over to the proper department for the operation of trains. As foreman the plaintiff had charge of a gang of men in camp about three miles south of Nacogdoches, and working between the camp and that town. On the morning of the accident, March 13, 1901, he went out to work with twenty men to fix a cattle-guard and build a bridge, using two hand cars furnished by the company for the transportation of the men and tools. One of the hand cars had no brake on it and had been in that condition for about two weeks. It was the plaintiff's duty to repair the car and he had made a brake for it on the day before the accident, and on the morning of the day of the accident it was taken out by the men to be put on the car, but after they reached their place of work it was discovered that they had no nut suitable for the purpose and it was not put on. There was evidence introduced on behalf of the plaintiff to show that he had been ordered by his superior officer, Conners, on the morning of the accident to take out the hand car without the brake. In the construction of the road temporary cattle-guards were erected at the inclosures consisting of bars across the track made of pine poles with the bark on. In going out to work on the morning of the accident the hand car without the brake went in front with about thirteen men and the rest of the men with the other hand car followed. They passed through four sets of bars which had been put up as temporary cattle-guards and of which the men had previous knowledge. The seven men with the rear car stopped to put in a temporary cattle-guard constructed with stringers and a pit, while the others with the car without the brake went on to build a bridge. At noon the men started on their return to camp for dinner, the car without the brake running in the rear. They went through the bars that they had passed through in the morning and were running, according to different estimates given by several witnesses, from eight to twelve miles an hour on a down grade with a dump and rising grade in front of them, when the car in front ran into a set of bars on the dump which had been erected that morning, of which no notice had been given to the men and of the presence of which they did not know. The men in front succeeded in stopping their car so that it struck the bars with only slight

force and no one on it was hurt, but the rear car ran violently into the car in front and the plaintiff was injured by the collision. If the car upon which the plaintiff was riding had been equipped with a brake it could have been stopped in time to have avoided the accident. There was evidence tending to show that the defendant was negligent in having the obstruction on the track and in not warning the men of its presence. There was also evidence tending to show that the plaintiff was guilty of contributory negligence as alleged in the answer. Copies of the pleadings are here set out."

The honorable Court of Civil Appeals copied with the statement the pleadings and the entire charge of the court, but the certificate does not present any question based upon the pleadings and involves only three paragraphs of the charge. We therefore omit the pleadings and all of the charge except the three paragraphs mentioned in the questions propounded.

"You are instructed that the plaintiff, while in the employment of the defendant, assumed as a matter of law all of the risks of injury that were ordinarily incident to the employment in which he was engaged; and if you believe from the evidence that his injuries, if any he received, grew out of a risk that was ordinarily incident to his employment, then your verdict should be for the defendant. But you are further instructed in this connection that by the use of the expression 'a risk ordinarily incident to the employment' is meant a risk of injury that does not arise or grow out of an act of negligence on the part of the defendant or its servants, and that whenever a risk is created by an act of negligence on the part of a railroad company or its employes, this is not a risk ordinarily incident to the employment."

"You are instructed that the undisputed evidence in this case is that the hand car did not have a proper and sufficient brake. If you believe from the evidence in this case in this connection that the plaintiff, Barney Kelly, was guilty of contributory negligence, as that term has heretofore been defined and explained to you, in using the hand car at the time and place and under the circumstances alleged by him in his petition, then your verdict should be in favor of the defendant. You are instructed in this connection, however, that if you should believe from the evidence that the plaintiff's superior officer directed him to use the hand car without a brake, then you are further instructed that unless the danger of using said hand car in that condition was so apparent that an ordinarily prudent man would not have used the same under the same or similar circumstances, the plaintiff would not be guilty of contributory negligence in that respect. But if you should believe from the evidence that the plaintiff was instructed by his superior officer to use the hand car without the brake, and if you believe from the evidence that the danger of using the hand car at the time and place, and under the circumstances as alleged by the plaintiff in his petition, was one of such apparent danger that an ordinarily prudent man would not have used the same under the same or similar circum-

'stances, then your verdict should be in favor of the defendant railroad company, or if you believe from the evidence that plaintiff used the said hand car in a negligent manner, and by reason of negligence plaintiff was injured, then you will find for defendant, although you may believe the defendant was guilty of negligence."

"If you believe from the evidence in this case that the plaintiff, of his own fault, permitted his crew to operate the hand car at a too rapid rate of speed, or in too close proximity to the hand car in front of him, or that he violated any rule or usage of the defendant in the operation of said car as alleged by the defendant, and was guilty of contributory negligence, as that term has heretofore been defined and explained to you, in any of these respects; or if you believe from the evidence that he occupied a position on said hand car whereby he or his limbs were exposed to injury, and that in this respect he was guilty of contributory negligence; or if you believe from the evidence that the plaintiff neglected to keep a proper lookout along the track over which he was riding, to discover obstructions upon said track, and in this respect was guilty of contributory negligence, as that term has been heretofore defined, then in either, each or all of these alternative events your verdict should be in favor of the defendants."

"The questions certified for the decision of the Supreme Court arise upon the action of the trial court in giving and refusing instructions to the jury, and are as follows:

"1.　Did the trial court err in the ninth paragraph of the charge?

"2.　Did the trial court err in refusing to give the jury special instruction number 12 requested by the defendant, as follows:

"'You are charged that if, under the evidence in this case, you believe that the plaintiff, B. R. Kelly, was in a position to know and realize the dangers, if any, of using the hand car in question in the condition in which it was at the time of the accident, then in that event, even though you should find that George Connors was his superior officer, and should further find that the said Connors directed him to place said hand car upon the track and to go to his work, still the said B. R. Kelly would assume such risks, if any, as were incident to the use of said hand car in its then known condition, and if his injuries, if any, were the result thereof, then he will not be entitled to recover in this case, and your verdict should be for the defendant company?'

"3.　Did the trial court err in the tenth paragraph of the charge?

"4.　Did the trial court err in refusing to give to the jury special instruction number 11 requested by the defendant, as follows:

"'You are charged that if you believe from the testimony that the plaintiff, B. R. Kelly, permitted the hand car upon which he was riding to be operated at the speed of ten or twelve miles per hour, down grade, over a newly constructed track, without a brake upon it, and from fifty to one hundred yards in the rear of another hand car, and that such action on the part of said Kelly was negligence, as that term has heretofore been defined to you, which proximately caused or contributed to

the injuries of which he complained, then and in that event, your verdict should be for the defendant railroad company.'

"5.   Did the trial court err in the fifth paragraph of the charge?"

Answer to the first question: There was no reversible error in giving the ninth paragraph of the court's charge. The plaintiff in error objects to this charge, first, because it restricts the jury in considering the question of the apparent danger of using the hand car to "the time, place and circumstance alleged in the plaintiff's petition." Plaintiff in error, however, fails to show that there were any other circumstances which surrounded the party materially different from those alleged in the petition by which the act of the plaintiff would be shown to be negligent. In other words, there is nothing shown in support of the objection which indicated that any injury resulted from the unnecessary use of the language objected to.

Plaintiff in error further objects to the charge because of the language, "you are instructed in this connection, however, that if you should believe from the evidence that the plaintiff's superior officer directed him to use the hand car without the brake, then you are further instructed," etc. If, knowing its condition, Kelly had used the defective hand car without any order of his superior officer to do so, but it appeared that under like circumstances a reasonably prudent man would have made the same use of the car, he could not be charged with contributory negligence, but the charge imposed upon Kelley the duty to show in addition that he was, at the time, acting under the order of a superior officer in order to exonerate him from the charge of contributory negligence. Howard Oil Co. v. Farmer, 56 Texas, 301.

If the language of the charge were susceptible of the construction placed upon it by the plaintiff in error, it would not be erroneous, for the order of the superior would be a pertinent fact to go to the jury on the question of whether the subordinate, who acted in obedience to such order, was guilty of contributory negligence. Central Railroad Co. v. De Bray, 71 Ga., 420; Chicago & N. W. Ry. Co. v. Bayfield, 37 Mich., 211; Norfolk & W. Ry. Co. v. Ampey, 93 Va., 108; Illinois Steel Co. v. Schymanowski, 162 Ill., 459; Moline Plow Co. v. Anderson, 19 Ill. App., 419.

It is also objected to this charge that it assumes the existence of the fact that Kelly operated the hand car as alleged in his petition. We do not think that the jury could have understood that they were restricted by this language to the consideration of the allegations of the petition alone, for in other parts of the charge the court instructed the jury very carefully with regard to contributory negligence on part of Kelly.

Answer to the second question: The requested charge which was refused ignored the proposition that although Kelly might have been guilty of negligence in operating the hand car without a brake, or might have assumed the risk incident to the defects in the car itself, yet if the

accident was caused by the negligence of the defendant railroad company in placing obstructions upon its track and failing to warn its employes of the fact, still Kelly could have recovered for the injuries suffered by reason of such negligence. In no event did Kelly assume the risk of a condition caused by negligence of the railroad company which was independent of and disconnected from the defects in the hand car itself. Missouri Pac. Ry. Co. v. Somers, 78 Texas, 442; Richmond & D. Ry. Co. v. Rudd, 88 Va., 651.

In Railway v. Somers, before cited, Chief Justice Gaines said: "Because a servant knows of one defect he does not take the risk of another of which he has no knowledge, and if both contribute to injure him, he is entitled to recover, provided but for the unknown defect the accident would not have happened." The charge was properly refused.

Answer to the third question: The charge submitted by this question was for the defendant—each hypothesis demanded a verdict for defendant. The railroad company presented a special charge upon the same points, which was given. There was no error in giving the charge.

Answer to the fourth question: The facts grouped in the special charge, refused by the court, were all embraced in and submitted to the jury in the tenth paragraph of the court's charge and in a special charge asked by the defendant and given by the court. The only differences between the charge here under consideration and those given by the court are, that the speed of the car is here stated at "ten to twelve miles per hour" and the distance between the two hand cars is given at "fifty to one hundred yards," whereas, in the charge given, the distance between the cars is stated as being "too close proximity" and the speed of the car as being "too rapid rate of speed." The refused charge also includes the fact that the road was rough and newly constructed, but we do not regard these differences as being of any importance; the charges given covered fairly every phase of the facts. The court rightly refused this charge.

Answer to the fifth question: There was no error in giving the fifth paragraph of the court's charge. It correctly defines "risks incident to the employment" assumed by one entering the service of a railroad company, and, in doing so, correctly informed the jury that a risk arising from the negligence of the master or his servants is not "ordinarily incident to the employment," but it is not said that such risk, when known to the employe, is not assumed, as counsel for plaintiff in error seem to think. In another paragraph of the charge the court instructed the jury, at the request of the railroad company, that "the employe is deemed in law to have assumed  *  *  .*  such risks as he knows of, or would, in the exercise of ordinary care in the discharge of his own duties, have known of." The subject was well covered by the charge given.