### HOUSTON & T. C. R. CO. v. MENEFEE.

(Court of Civil Appeals of Texas. Austin. Dec. 10, 1913. Rehearing Denied Jan. 21, 1914.)

1. TRIAL (§ 260*)—INSTRUCTIONS—REFUSAL.

The refusal of charges covered by those given is not error, this being particularly true where the charge refused imposed a greater burden on the requesting party than the ones given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

2. MASTER AND SERVANT (§ 295*)—INJURIES TO SERVANT—TRIAL—INSTRUCTIONS.

In a personal injury action by a servant, an instruction on assumption of risk which fails to except from the general definition of "assumed risk" those resulting from the master's negligence is properly refused, being misleading and erroneous.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1168–1179; Dec. Dig. § 295.*]

3. DAMAGES (§ 132*)—PERSONAL INJURIES—VERDICT—EXCESSIVENESS.

In a personal injury action, where plaintiff, a man of 37 years, earning about $130 a month, claimed that the injury had caused permanent paralysis of his legs, a verdict of $15,000 held not excessive.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 372–385, 396; Dec. Dig. § 132.*]

Appeal from District Court, Robertson County; J. C. Scott, Judge.

Action by J. A. Menefee against the Houston & Texas Central Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

V. B. Hudson, of Bryan, Will C. Perry, of Franklin, Baker, Botts, Parker & Garwood, of Houston, and Stribling & Stribling, of Waco, for appellant. Woods & Harris, of Houston, and H. S. Morehead, of Franklin, for appellee.

KEY, C. J. This is a personal injury suit, the trial of which resulted in a verdict and judgment for the plaintiff for $15,000, and the defendant has appealed.

On the occasion in question the plaintiff was switch foreman in the defendant's yard at the town of Hearne, and while he and the other members of the crew were attempting to place an engine and tender on the main track of defendant's road by running it onto and along what is known as a passing track, such engine and tender were derailed, and as a result of which the plaintiff alleged that he sustained certain injuries. In the yard in question the defendant maintained an interlocking plant. The plaintiff alleged that the defendant's employé who was operating the interlocking plant was guilty of negligence in giving the signal and notifying the plaintiff and his crew that the tracks were properly lined, so that the engine and tender could enter upon the passing track and go onto the main track, and was also guilty of negligence in taking away and changing the main line switch before the engine and tender had stopped.

With the possible exception of the twelfth paragraph, the main charge of the court comprised what we regard as a full and reasonably accurate statement and presentation of the law of the case; and, in addition thereto, the court gave four special charges requested by the defendant. But one complaint is urged against it, and that is that there was no testimony tending to show that the employé who was operating the interlocking plant took away and changed the main line switch before the engine and tender had stopped, and therefore it was error for the court to submit that question to the jury. We overrule that objection, and hold that the plaintiff submitted testimony which justified the court in submitting that issue.

[1] Appellant has also assigned error upon the action of the court in refusing to give special instructions Nos. 2, 6, 7, and 8. No. 2 embodied an instruction to the effect that if the jury found that if the injury complained of was caused by the plaintiff's negligence in giving the engineer the signal to move the engine forward along the passing track before the operator of the interlocking plant had time to line the tracks, and found that the

defendant was not guilty of negligence, then to return a verdict for defendant. The court had already instructed the jury that if they did not find that defendant was guilty of negligence as to one or more of the issues submitted, to return a verdict for it, and therefore it was not error to refuse the instruction requested. In fact, the court's charge in that respect was more favorable to the defendant than the refused instruction, because the former required a verdict for the defendant if it was not guilty of any act of negligence, while the latter, in order to justify a verdict for the defendant, required a finding, not only that it was not guilty of negligence, but also that the plaintiff was himself guilty of negligence.

[2] Instruction No. 6 related to the question of assumed risk, and was properly refused, because it failed to except from the general definition of assumed risk such risks as result from the master's negligence. Without that qualification, that instruction would have been misleading and erroneous. Railway v. Kelly, 98 Tex. 123, 80 S. W. 79. Moreover, the court instructed the jury correctly upon the subject of assumed risk, and the requested instruction was properly refused.

Special charges Nos. 7 and 8, relating to the question of assumed risk as to latent defects, were properly refused, because, in so far as they correctly stated the law, they were embraced in the eighth paragraph of the court's charge and appellant's requested instruction No. 9, which was given.

[3] The only other question presented in appellant's brief is the contention that the verdict is excessive. At the time of the injury the plaintiff was 37 years of age, and was earning about $130 per month. He sustained no external injury of any consequence, but claimed to have been internally and permanently injured to such an extent as to paralyze his legs. At the time of the trial he was still on crutches, but several physicians who had examined him gave it as their opinion that the impaired use of his legs was the result of nonuser, and not from any traumatic injury. On the other hand, several other physicians who had examined him gave it as their opinion that the impaired use of his legs could have been caused by such an injury as he claims to have sustained, and that if so caused, it would probably be permanent. In view of this condition of the testimony, while the verdict is large, we are not prepared to hold that it is excessive.

While the assignments presented in appellant's brief do not controvert the proposition that defendant's employé operating the interlocking plant was guilty of negligence, and while it is not contended in this court that the plaintiff was guilty of contributory negligence, we deem it proper to state that the verdict of the jury, which in effect finds that the defendant's employé was guilty of negligence in the respect referred to, is sustained by testimony; and we find no evidence in the record that would justify a finding that the plaintiff was guilty of contributory negligence.

No error has been shown, and the judgment is affirmed.

Affirmed.