HOUSTON & T. C. R. CO. v. BARLETT.

(Court of Civil Appeals of Texas. Austin. Dec. 10, 1913. Rehearing Denied Jan. 21, 1914.)

1. NEW TRIAL (§ 102*)—NEWLY DISCOVERED EVIDENCE—DILIGENCE.

In a personal injury action by a switchman against a railroad company, a new trial cannot be granted, on the motion of defendant, on the ground of the newly discovered testimony of the yardmaster, who was with the towerman at the time of his alleged negligence in sending a switch engine into an open switch, for proper diligence on the part of the railroad would have disclosed the knowledge of the yardmaster.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 207, 210–214; Dec. Dig. § 102.*]

2. NEW TRIAL (§ 99*)—NEWLY DISCOVERED EVIDENCE.

A new trial will not be granted for newly discovered evidence which is cumulative, and which would probably not have changed the result.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 201, 207; Dec. Dig. § 99.*]

3. MASTER AND SERVANT (§ 258*)—ACTION FOR INJURIES—PETITION—SUFFICIENCY.

In a personal injury action by a servant of a railroad company, where the acts of negligence relied on for recovery, and which were alleged to be in violation of the company's rules, were particularly and specifically set out, it was unnecessary to set forth the rules or their substance.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 816–836; Dec. Dig. § 258.*]

4. DAMAGES (§ 132*)—PERSONAL INJURIES—EXCESSIVE AWARD.

An award of $10,000 damages in favor of a switchman 30 years of age, who was earning over $100 a month, is not excessive, where his right leg was broken at the ankle, resulting in flat foot, and his left leg was so injured that he was unable to use it for any considerable length of time, 12 months after the accident, and the injuries appeared permanent.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 372–385, 396; Dec. Dig. § 132.*]

Appeal from District Court, Robertson County; J. C. Scott, Judge.

Action by J. R. Barlett against the Houston & Texas Central Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

V. B. Hudson, of Bryan, Perry & Woods, of Franklin, Baker, Botts, Parker & Garwood, of Houston, and Stribling & Stribling, of Waco, for appellant. John Lovejoy and Presley K. Ewing, both of Houston, for appellee.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

RICE, J. Appellee brought this suit to recover damages for injuries suffered by him while in the discharge of his duties as switchman in the employ of appellant at Hearne, on December 8, 1911, on account of being thrown from and run over by a switch engine upon which he was riding, occasioned, as alleged, by false and improper signals given to the switch crew by the towerman in charge of the interlocking tower (jointly used by the International & Great Northern Railway Company and appellant), to the effect that the switch was open, thereby causing the accident. After a general denial the defense urged was assumed risk and contributory negligence. A jury trial resulted in a verdict and judgment in behalf of appellee in the sum of $10,000, from which this appeal is prosecuted.

This is a companion case to that of Houston & Texas Central Railroad Co. v. J. A. Menefee, 162 S. W. 1038, this day passed upon by this court in an opinion handed down by Mr. Chief Justice Key, and is based upon the same facts; the negligence alleged being the same in each case. The main charge of the court in both cases is identical; hence we refer to the former opinion as disposing of the objections made thereto in this case.

[1, 2] The court did not err, in our opinion, in refusing a new trial on account of the newly discovered evidence of Flannigan, for the reasons: (1) That sufficient diligence was not exercised to discover his testimony; (2) because the same was cumulative; and (3) because, in our opinion, it would not probably change the result on another trial. The interlocking tower as Hearne was jointly used by appellant and the International & Great Northern Railway Company, and Flannigan, for whose testimony the new trial was sought, was yardmaster of the latter company at the time of the accident, and appears to have been in the tower when it occurred, making out his report, which it was customary for him to do about that time of the evening, and this fact was known to the agents of appellant. The Menefee Case was tried at the same term of the court, and within two days after the trial of this case, in which he appeared and testified as a witness, contradicting the testimony of appellee's witnesses to the effect that Houghton, the towerman, signaled the switching crew with his lantern, and called to them that the track was all right, properly lined, and to come ahead. Epps, a witness for appellant had testified that Houghton, immediately after the accident, had given a similar account thereof; and, notwithstanding Givens, the appellant's assistant claim agent, investigated the accident soon after its occurrence, he failed to make any inquiry of Flannigan as to how it had occurred. It is true he states that he did not know that Flannigan knew anything about it; but we think due diligence on his part would have required an inquiry at least from Flannigan, the yardmaster, as to what, if anything, he knew about the accident.

[3] Appellant excepted specially to the petition on the ground that the rules of defendant alleged to have been violated were not set forth nor their substance given, which exception was overruled. We think the court did not err in such ruling, because the acts of negligence relied upon for a recovery, and which were alleged to be in violation of such rules, were particularly and specifically set out.

[4] We think the evidence sufficient to justify the verdict, and overrule the fifth assignment complaining thereof. The judgment, in our opinion, is not excessive. The facts show that plaintiff was 30 years of age, earning for $110 to $115 per month; that his right leg was broken at the ankle, resulting in what is known as flat foot, and his left leg was so injured that he was unable to use it for any great length of time at the time of the trial, some 12 months after the accident; and physicians testified that these injuries in both legs were permanent, and rendered him unfit to discharge the duties of switchman, which he had followed for many years.

The remaining assignments have been considered, and are regarded as not well taken.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

Affirmed.